Irving H. Saypol, J.
Mrs. Roach was the owner of a building, De Palo was her superintendent and Aponte was a tenant. On December 17, 1955, De Palo got into a fracas with Aponte in the latter’s apartment about payment of rent and shot and killed him. Mrs. Roach learned of this the following morning from De Palo’s daughter. She followed the ensuing prosecution, attending at court until De Palo’s conviction and sentence sometime in June or July, 1956. Her son who managed her business and affairs spoke to her insurance broker’s son in March, 1956, showing the latter a newspaper story of the incident which, according to the son, recited that De Palo went up to collect rent and shot and killed Aponte. Nine months after the incident Mrs. Roach’s lawyers wrote to her insurer, Great American Indemnity Co., making reference to its workmen’s compensation policy, and enclosing a claim letter addressed to her dated August 28, 1956 from a lawyer in behalf of the deceased’s family. On September 19, 1956, Mrs. Roach made a written statement of the facts to the same insurer under her owners’, land *495 lords’ and tenants’ liability policy. On September 22, 1956, Acosta, as administrator of the deceased Aponte’s estate, sued Mrs. Roach and De Palo for assault and battery against the deceased. Mrs. Roach’s lawyer forwarded the summons to Great American on September 25, 1956 and on September 27, 1956 it was returned with a disclaimer for failure to give immediate written notice of the occurrence. Mrs. Roach’s lawyer then impleaded Great American, later there was an order of severance and for preliminary trial and the separate third-party issue was tried by the court without jury. At the trial, upon consent, the third-party complaint was amended to allege in paragraph Ninth that notice was given by Mrs. Roach to Great American by letter dated September 13,1956, and the complaint was deemed amended to recite a prayer for a declaration of obligation to defend and indemnify and the pleading was considered amended to conform with the proof.
The policy in question extends this coverage under the definition of hazards: “ V. Assault and Battery. Assault and battery shall be deemed an accident unless committed by or at the direction of the insured.”
Among the recited conditions in the policy is the standard and familiar requirement for notice in these words: “ 9. Notice of Accident. Upon the occurrence of an accident written notice by or on behalf of the insured to the company * * * as soon as practicable.”
Superimposed over this part of the policy is a pasted label which states on a simulated medallion of the insurer’s seal, in larger letters in blue, the warning to ‘ ‘ Report EVERT accident LARGE or SMALL. Failure to report accidents promptly may void your insurance. If serious, telephone or telegraph at our expense. Be sure to get names and addresses of witnesses.”
There is no issue here about the form of the notice, viz., written or oral. The sole question is lack of timeliness in the circumstances. Mrs. Roach’s legal position up to trial, in her lawyers’ letter of September 13, and in her written statement of September 19, to her insurer, was that she believed that there was no liability on her part or that she anticipated no claim against her. In the statement of September 19, she stated: “ A short time after this incident I casually mentioned it to my attorney but he did not advise me in any way.” At the trial the additional argument was advanced that she was ignorant of the coverage afforded by her policy for protection against this kind of claim for assault and battery. There is a further contention that absent a showing of prejudice by the insurer, it will not be *496 relieved. The latter proposition is not the law here (8 Appleman on Insurance Law and Practice r 1957 Supp.], § 4734, n. 41.5).
Great American’s position is that the breach of the condition in failure to give timely notice relieves it as a matter of law. There is an alternative and additional contention that Mrs. Roach’s delayed acts after she received the claim letter in August, 1956 are themselves indicative of undue delay amounting to a failure to give notice as soon as practicable but this phase is not considered because it is unnecessary to reach it.
The Court of Appeals has summarized the controlling principles of the notice clause in Deso v. London & Lancashire Ind. Co. (3 N Y 2d 127) as follows at page 129:' “ It is unquestioned that a failure to satisfy the requirements of this clause by timely written notice vitiates the contract as to both the insured and the plaintiff recovering a judgment against him (Bazar v. Great Amer. Ind. Co., 306 N. Y. 481; see Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271, 275) and that the term ‘ as soon as practicable ’, like various similar expressions in other liability policies, requires that written notice be given within a reasonable time under all the circumstances (Vanderbilt v. Indemnity Ins. Co. of North America, 265 App. Div. 495, 496; see 8 Appleman on Insurance Law and Practice, § 4734, p. 105). It is also well settled that the reasonableness of a delay, where mitigating circumstances such as absence from the State or lack of knowledge of the occurrence or its seriousness are offered as an excuse, is usually for the jury (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304; Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51; see, also, Gluck v. London & Lancashire Ind. Co. of America, 2 A D 2d 751, affd. without opinion 2 N Y 2d 953). On the other hand, absent an excuse or mitigating circumstances, courts have assumed the function of determining fullfillment of the condition. Thus in the Rushing case (supra, p. 304) Cabdozo, Oh. J., stated that as a matter of law, ‘ In the absence of explanation or excuse, a notice of an accident withheld for twenty-two days is not the immediate notice called for by the policy ’. In an earlier case this court, having found no mitigating circumstances, held that a delay of 10 days was unreasonable as a matter of law (Haas Tobacco Co. v. American Fidelity Co., 226 N. Y. 343; see, also, Quinlan v. Providence Washington Ins. Co., 133 N. Y. 356 [33 days]; Reina v. United States Cas. Co., 228 App. Div. 108, affd. 256 N. Y. 537 [26 days]; Vanderbilt v. Indemnity Ins. Co. of North America, supra [28 days]).”
It is no excuse that the insured thought that she was not liable or that there would be no claim against her (Utica Sanitary Milk *497 Co. v. Casualty Co., 210 N. Y. 399, 404; cf. Farm Bureau Mut. Auto. [Nationwide] Ins. Co. v. Greist, 251 F. 2d 85). Failure to read the policy or to know that it afforded protection for assault, as excusing, is based on Gluck v. London & Lancashire Ind. Co. of America (2 A D 2d 751), but all that was decided there was that the question of compliance with the notice provision of the policy was one of fact not law. The affirmance in the Court of Appeals (2 N Y 2d 953) fortuitously awarding-judgment to the insured on the stipulation for judgment absolute, does not help the insured here. Her ignorance of the provisions of the policy because of her failure to read constitutes gross negligence (Pimpinello v. Swift & Co., 253 N. Y. 159, 162) and not knowing its contents amounts to negligence which will not excuse her (Reina v. United States Cas. Co., 228 App. Div. 108, 110, affd. 256 N. Y. 537).
Where the facts are undisputed the court will determine the question of the reasonableness of the notice which is called for by the policy as a question of law. (Zauderer v. Continental Cas. Co., 140 F. 2d 211, 214, citing Bennett v. Lycoming County Mut. Ins. Co., 67 N. Y. 274; Carpenter v. German Amer. Ins. Co., 135 N. Y. 298; Greenwich Bank v. Hartford Ins. Co., 250 N. Y. 116.) Both on the facts and on the law it is decided that Mrs. Boach did not comply with the provisions of the policy calling for notice as soon as practicable and her failure to give the required notice is without satisfactory explanation or excuse.
Let a judgment declaring the rights of the parties be settled in accordance with this decision.