Esteban LOZANO, Appellant,

v.

Anthony KAZEN, Appellee.

No. 3392.

Court of Civil Appeals of Texas.

Eastland.

May 16, 1958.

Morales & Davila, Laredo, for appellant.

Mann & Byfield, Laredo, for appellee.

WALTER, Justice.

Anthony Kazen filed suit against Esteban Lozano, d/b/a Esteban Lozano Transfer Company, for $505.23 for damages sustained by him when a trailer belonging to the defendant came unhitched from a tractor and collided with plaintiff's parked automobile. The plaintiff pleaded res ipsa loquitur and, in the alternative, one specific ground of negligence. The defendant pleaded only a general denial. Plaintiff served a request for admissions on the defendant which shows to have been served on August 3, 1957. The defendant did not reply to said request for admissions. Thereafter plaintiff filed his motion for summary judgment and in support thereof attached his request for admissions and alleged that defendant had not replied thereto and asserted that all of said requests should be deemed admitted. Judgment was granted in favor of

the plaintiff against the defendant for $405.23, but the judgment does not state whether the recovery is based on res ipsa loquitur or the specific ground of negligence.

From this judgment the defendant has appealed on four points of error, namely, (1) the court erred in holding defendant was bound by admissions one through nine set out in plaintiff's request for admissions (2) in holding the defendant was bound by admissions of negligence under the res ipsa loquitur doctrine (3) in holding defendant liable to an admission of damages of *$450* to plaintiff's automobile and (4) in holding that the doctrine of res ipsa loquitur applied to the facts alleged in plaintiff's petition.

The motion for summary judgment was filed on September 20, 1957, and the only evidence filed by appellant in opposition to the motion was his affidavit which is as follows:

"State of Texas
"County of Webb

"Personally appeared before me the undersigned, Esteban Lozano, who, after being duly sworn under oath, deposes and says: That his name is Esteban Lozano, residing at 2219 Water Street in Laredo, Texas. That he is the sole owner of the Lozano Transfer Company of 2219 Victoria Street in Laredo, Texas. That he is engaged in the trucking business, operating between Laredo and Nuevo Laredo, Tamps, Mexico under an ICC Permit and also owns and operates a trucking line between Nuevo Laredo, Tamps., Mexico and various points in the Republic of Mexico. That very frequently, he is absent from the City of Laredo to visit all these different points of Mexico where his trucking lines make contact and that he was absent from Laredo from August 5, 1957, to August 20, 1957, visiting the different connections which he had in the Republic of Mexico.

"Signed at Laredo, Texas, this the 30th day of September 1957 A.D.

"/s/ Esteban Lozano

"Sworn to and subscribed before me this the 30th day of September 1957 A.D.

"/s/ R. E. Laurel
"Notary Public, Webb Co., Texas

"My commission expires June 1, 1959."

We shall first consider whether the court erred in deeming the statements in the request for admissions admitted against the appellant because of his refusal to reply thereto. The trial court is allowed some discretion in granting either party an extension of time to file his answers to a request for admissions. No such request was made by appellant, although the court could have permitted him to file same at or before a hearing on the motion for summary judgment. Masten v. Gower, Tex. Civ.App., 165 S.W.2d 901. The affidavit filed by appellant, attempting to show an excuse for not replying to the request, can be of no comfort to him for his failure to exhaust his other remedies, namely, simply requesting an extension of time. Appellant's affidavit reveals that the defendant was available for at least two days after the request had been served. The request was served on defendant's attorney August 3, 1957, and the affidavit reveals that the defendant was "—absent from Laredo from August 5, 1957, to August 20, 1957." Because one might be forced to admit the truth of some damaging facts or because the answers to some requests for admissions may be difficult is no excuse for ignoring them and refusing to co-operate with the court in the pretrial procedure in eliminating fact issues which would not be in dispute in advance of the trial.

Because the appellant did not reply to the request for admissions and because he did not show any legal or equitable excuse for his failure, the trial court was justified in deeming admitted each of the matters set out in appellee's request. Rule 169, Texas Rules of Civil Procedure; Pure Oil Co. v. Fowler, Tex.Civ.App., 302 S.W.2d 461 (RNRE); Kilsby v. Aero-Test Equipment Co., Inc., Tex.Civ.App., 301 S.W.2d 703 RNRE.

After the court deemed the request for admissions admitted against appellant, the evidence which the court considered in granting the motion for summary judgment amounted to legal admissions of fact on all elements necessary to make out a prima facie case in favor of appellee either under the rule of evidence of res ipsa loquitur or under appellee's pleading of specific negligence. Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, (Writ Refused) and Frierson v. Modern Mut. Health & Accident Ins. Co., Tex.Civ.App., 172 S.W.2d 389.

In reply to the motion for summary judgment appellant filed special exceptions and a general denial and attached defendant's affidavit. The appellant's exceptions were general and did not point out any defect, omission or fault in appellee's pleadings with particularity or certainty. As an examply we copy one:

> "Special exception is hereby taken to plaintiff's Motion for Summary Judgment as stated in paragraph number one in that plaintiff's request for admissions filed in this cause on August 6, 1957, was a humanly excusable cause as stated in attached affidavit, Exhibit number one and it was not the result of an intentional disobedience of the rules."

However, the appellant did not call his special exceptions to the attention of the trial court and no action was taken thereon in the trial of the case. Under these circumstances the special exceptions were waived. Rule 90, R.C.P. The facts alleged by appellee and his proof in support thereof were unchallenged by the appellant. The court, therefore, was warranted in finding that no genuine issue as to any material fact existed and that appellee was entitled to a judgment.

We have considered all of appellant's points of error and find no merit in them and they are accordingly overruled.

The judgment is affirmed.