**O. L. RIEMENSCHNEIDER, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

No. 13372.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 1, 1958.

Stafford & Alcorn, Kingsville, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

BARROW, Justice.

Appellant, O. L. Riemenschneider, sued appellee, Missouri Pacific Railroad Company, for damages alleged to have been sustained as the result of an injury caused by the lid of a mail box situated on appellee's premises falling on his head. After the filing of the suit, appellant's deposition was taken and thereupon appellee filed a motion for summary judgment based upon such deposition, claiming that the facts revealed by appellant's own testimony showed that there was no genuine issue of fact to be determined by the jury, and that appellee was entitled, under the undisputed facts, to a summary judgment denying appellant any recovery. After a hearing thereon, the motion for summary judgment was sustained by the court and judgment entered in favor of appellee.

The facts shown in the deposition were not controverted or otherwise questioned in the trial court, and are not challenged on this appeal, except as to the sufficiency thereof to support the trial court's action.

The facts in the case, as revealed by appellant's deposition, are as follows:

Appellant was not an employee of appellee but a contractor with the United States Post Office Department. He carried the mail between the Riviera, Texas, post office and the mail storage box at the railroad station. He had had that arrangement for many years, and for twelve or fourteen years had put mail in, and taken it from, this same box. For two, three, or four months prior to the accident appellant was the only one who had put outgoing mail into, or removed incoming mail from, this box, except the truck and railroad crews who hauled the mail and put the out-of-town mail to Riviera into the box and took the outgoing mail from the box.

The mail box had a lid that was hinged at the back and there was a piece of "four by four" projecting upward in the middle of the back, against which the lid was prop-

ped when the box was open. Originally there had been a cable and a weight attached to the lid to make it easier to lift and to hold the lid open, but the cable and weight had been gone for a year and a half.

Appellant testified that he "knew the old box was dangerous. It come down a lot of times before I got through with the mail. It got me on the hands one night, but I never reported it at all." The lid had fallen on other occasions and appellant had taken sticks over there to prop the lid open "and kids would throw them away, and of course one thing and another happened to them."

Four or five months before the accident, appellant wrote a letter to appellee's superintendent telling him the weight and cable were missing. The absence of the weight and cable was the only thing wrong with the mailbox.

About 8:00 p. m. on the evening of the accident appellant went to the box to remove the mail and take it to the post office. He raised the lid and propped it against the "four by four". The box was pretty full and he removed everything except one sack. There was a breeze blowing, and about the time he leaned into the box to pick up the last sack the lid fell on him.

Over the period of a year and a half that the weight was missing, the lid had fallen several times. Appellant knew that the weight was missing and that the wind—which was puffy that night—might blow the lid shut. He said he "was watching for it." The fact that it was night-time was not material, the accident would have happened just the same if it had been daylight. The only things that caused the lid to fall were the wind and the lack of the weight or a stick to hold the lid up.

In McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391, 393, the Court said:

"In determining whether a landowner is liable to an invitee for in-juries sustained on the premises, the duty of the landowner is frequently phrased as one 'to exercise ordinary care to keep the premises in a reasonably safe condition' so that the invitee will not be injured. Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073, 1074; Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625, 628–629; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 615. But that is only a simplified statement of the duty, sufficient to meet the problems presented in the particular cases. There are certain qualifications not there expressed. It is now well established in this state that *the duty as there expressed does not extend to those invitees who know or should know of the existence of the particular condition and who appreciate or should appreciate its dangers.* Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497; A. C. Burton Co., Inc., v. Stasny, Tex.Civ.App., 223 S.W.2d 310, writ refused; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Hausman Packing Co. v. Badwey, Tex.Civ.App., 147 S.W.2d 856, writ refused; Marshall v. San Jacinto Bldg., Tex.Civ.App., 67 S.W.2d 372, writ refused. What the qualification means, of course, is that *inasmuch as the invitee has knowledge of the dangers there is no duty on the owner to warn him of them.* It means also that if, having knowledge of the dangers, the invitee exposes himself to them he must take the premises as he finds them and there is no duty on the owner to protect him even by the use of reasonable precautions to eliminate the hazards." (Emphasis added.)

▇ Appellant's testimony was that he knew, at the time of and for a long time prior to the accident, that the cable and weight were missing, and that the box was dangerous. That the lid had fallen many times before and had caught his hands one time, although he did not re-

port it to appellee. His deposition further revealed that he could have prevented the lid from falling by using a stick to hold it open, as he had done before. Thus it is seen that appellant had knowledge of all the conditions which brought about his injury. He knew of the danger, which was open and obvious, and he voluntarily exposed himself to the danger, although he had the means at hand which would have protected him from the injury. The rule in such cases has been stated in 30-B Texas Jurisprudence 305–306, § 92:

"Since knowledge of the parties is a test of liability, the question of liability in a negligence action is sometimes resolved as one of comparative knowledge—the knowledge of the defendant as against the knowledge of the person injured. Thus, if the victim was as well situated as was the defendant to foresee and prevent the injury or damage, there can be no recovery, since the conclusion is that the actors were mutually responsible. The familiar case is that which is presented where the evidence leads to the conclusion that the defendant ought to have known or foreseen that the catastrophe would occur, and also that the plaintiff ought to have known or foreseen that it would happen. Thus, no recovery is allowable on the theory that the defendant should have discovered the danger and prevented the injury where, as a foreseeable consequence of his own conduct, the plaintiff got himself into a dangerous situation. And, of course, the plaintiff may not recover where he was in a better position than was the defendant to foresee and prevent the happening of the catastrophe. * * *"

It is therefore apparent from the uncontradicted evidence of appellant himself that he was not entitled to recover against appellee, and the motion for summary judgment was properly sustained.

Appellant complains of the action of the trial court in refusing his bill of exceptions. The bill of exceptions simply complained of the trial court's action in granting the summary judgment. The court's action in this case fully appeared of record and no bill of exception is here necessary or proper under such circumstances. Rule 372(e), Texas Rules of Civil Procedure.

Appellant also complains of the action of the trial court in refusing to file findings of fact, and contends that the court erred in such action. This contention must be overruled. Findings of fact are proper in non-jury cases where the court has decided controverted issues of fact. In a hearing on motion for summary judgment the trial court is not authorized to decide controverted issues of fact, he can only determine that there is no issue as to any material fact. Under such circumstances the trial court is not required to file findings of fact and conclusions of law.

Finding no error, the judgment of the trial court is affirmed.