**D. B. BENSON et al., Appellants,**

v.

**O. A. HARRELL et al., Appellees.**

No. 16003.

Court of Civil Appeals of Texas.

Fort Worth.

May 15, 1959.

Rehearing Denied June 12, 1959.

Benson & Benson, Donald & Donald, and J. M. Donald, Bowie, for appellants.

Turner, Rodgers, Winn, Scurlock & Terry, and Lon Sailers, Dallas, for appellees.

MASSEY, Chief Justice.

This is a suit for attorneys' fee. Plaintiffs, D. B. Benson et al., sought by one count to recover same as though it were a liquidated property in the nature of a 50% interest in overriding royalty related to production under a certain oil and gas lease. The theory was that plaintiffs were entitled to recover the interest under and by virtue of a written contract of employment. In the alternative, plaintiffs sought by another count to recover on quantum meruit a judgment in money for the value of their services. Resisting the claim, the defendant O. A. Harrell filed a motion for summary judgment. He will be hereinafter referred to as the only defendant, since the other party sued was a mere stakeholder. Upon a hearing, summary judgment was entered in behalf of the defendant. Plaintiffs appealed.

Judgment affirmed in part and reversed and remanded in part.

Prior to May 30, 1949, the defendant was receiving payments from Bay Petroleum Corporation under a certain contract which entitled him to receive as overriding royalty $\frac{1}{16}$th of $\frac{7}{8}$th of the oil and gas produced from certain lands which had been pooled for production. He was receiving such as a landowner (surface owner) of property under lease, or had been up until a short time prior to said date. A dispute developed between the defendant and certain other persons, hereinafter denominated as the Watson heirs, over the ownership of the fee title to the minerals under the land of which defendant claimed to be the surface owner. The defendant therefore entered into a contract with the attorneys whereby the later were employed to recover in behalf of the former the fee title to said minerals.

The contract provided that plaintiffs would represent the defendant by filing a suit or suits and taking all steps proper and necessary to recover for and on defendant's behalf the mineral rights in question, and as part consideration therefor defendant agreed to sell, transfer and convey to plaintiffs an undivided one-half interest in and to all of the oil, gas and other minerals and mineral interests recovered by the plaintiffs either by suit, compromise or otherwise.

This further provision was incorporated in the contract: "It is specifically understood that the second parties (plaintiffs) shall have no interest in or connection with any overriding royalty heretofore recovered by any of the first parties hereto (defendant and his then wife), that is the recovery of the second parties shall be confined to such interest or interests as is recovered for first parties by suit or compromise."

Pursuant to the provisions of the contract, the plaintiffs filed suit in behalf of the defendant against the Watson heirs. Citation was not perfected. Shortly thereafter a portion of the Watson heirs sued the others and the so-called surface owners, including the defendant. Service was obtained. Defendant called upon the plaintiffs and the plaintiffs agreed to defend him. Thereafter, the two suits were consolidated. It may readily be seen that but for plaintiffs' action in behalf of the de-

fendant in connection with the suit against him he could have been ousted and deprived of the claim he asserted in his own suit, assuming of course that his own suit had not been filed. Ultimately, in the course of the creeping procedure of the litigation through the courts, the defendant lost what he contended by his own suit he was entitled to. The Watson heirs won all the minerals. Whether this was done by agreement of the parties and stipulations in the consolidated cause, or by decree of the court regardless of any such, it was in any event ended during the latter part of 1957 when title to the minerals was cleared and vested in the Watson heirs (as between all parties). The judgment which was rendered recited this and left undisturbed the defendant's entitlement to overriding royalty. In any event, the situation, as considered between plaintiffs and defendant, was one where it was agreed that defendant would take his overriding royalty and go no further, and that no appeal would be taken from the judgment entered and no further attempt made to establish an interest to the mineral estate. There is some doubt as to whether the defendant was ever in a position in the litigation where he might have been exposed to possible loss of his overriding royalty, but we regard this as immaterial for our purposes.

 After all this had occurred the plaintiffs called upon the defendant to deliver to them a one-half interest in the overriding royalty, and in the fund accumulated but remaining unpaid at time plaintiffs filed their suit. Defendant refused, taking the position that plaintiffs had no entitlement thereto under the contract. The plaintiffs therefore filed suit seeking to impress a 50% interest thereupon. Defendant answered and filed a motion for summary judgment supported by affidavits which, in our opinion, sufficiently established his right thereto in the absence of counter-affidavits. The plaintiffs filed no counter-affidavits. They did file a sworn answer in resistance of the defendant's motion, but under the au-

thority of the case of Sparkman v. McWhirter, (1953, Tex.Civ.App., Dallas), 263 S.W.2d 832, error refused, and cases which follow its holdings, we do not deem the same to amount to a counter-affidavit. Even should it properly be so considered, we believe that the contents thereof would not amount to evidence which plaintiffs would be entitled to have considered in their own behalf upon the determinative issue.

Actually, it is our conclusion that by the very terms of the contract upon which plaintiffs rely to establish an interest in the overriding royalty, they must be considered to have contracted upon its exclusion and have agreed that it be considered as having been "heretofore recovered", and that in no event should they ever become entitled to any part thereof, or to its proceeds, as property *in rem*.

Thereafter, the plaintiffs filed an amended petition in which two separate counts were advanced as premise for recovery against the defendant. By the first count they repeated the substance of their original petition which sought to establish an interest in the overriding royalty. By the second count, in the alternative, they averred the value of their services to the defendant in respect to the whole of the litigation and sought to recover on quantum meruit.

After this amended petition was filed, the defendant filed neither an exception to the allegations upon which plaintiffs predicated their plea for relief on quantum meruit, nor filed any affidavit in demonstration of entitlement to summary judgment despite said allegations and plea. This was the state of the record at time of the hearing of the motion for summary judgment. Following the hearing, the trial court entered summary judgment in favor of the defendant upon the whole case.

We hold that the trial court was correct in the conclusion that the record before it precluded as a matter of law the asserted count upon the contract to impress any in-

terest in the overriding royalty in question, or to any of the proceeds thereof.

We are of the contrary opinion as to the trial court's conclusion upon the cause of action asserted in the alternative on quantum meruit for the value of the plaintiffs' services.

Where there is an entire contract, a party generally cannot recover without showing full performance of its provisions on his part. Any right of recovery as a result of part performance is on a quantum meruit. There may be a recovery on quantum meruit for the reasonable value of the part of the contract performed where there has been a mutual abandonment, or where further performance is prevented by a cause for which neither party is responsible and by reason of which further performance is excused. There may be a recovery on quantum meruit where only part performance has been rendered if such partial performance was accepted by, or was of benefit to, the other party, subject to the other's right to recover damages sustained by reason of any breach. In so far as the recovery is permitted, such is based upon an implied contract on the part of the other party to pay for the benefits he has received in that it would be inequitable on his part to refuse to pay for them. It is not essential that the party seeking to recover show facts justifying him in having failed to perform the contract in full, and his evidence is sufficient if he shows that the part performed was of benefit to or was accepted by the other party. 10-A Tex.Jur., p. 501, "Contracts", § 246, "Partial Performance". See also p. 24, § 9, "Coexistence of Express and Implied Contracts".

The pleadings of the plaintiffs on the alternative count for compensation on a quantum meruit are unchallenged by exception. We therefore indulge every reasonable intendment in favor of plaintiffs' amended petition. Under these conditions, we are of the opinion that the allegations of said petition are broad enough to show either an acceptance on the part of the defendant of only the performance rendered up until the time when he agreed to end the litigation under the settlement (which left him with his overriding royalty, but nothing more), or to show that plaintiffs rendered services to the defendant over and above those covered by the contract, or independent thereof, when the plaintiffs acted in his behalf to preserve claimed rights under attack by the Watson heirs.

The evidence on summary judgment relates only to the cause of action on the contract and not to the alternative cause of action on quantum meruit. The defendant, as the moving party in summary judgment proceedings, discharged the negative burden of showing as a matter of law that plaintiffs have no cause of action against him on the contract, and therefore was entitled to summary judgment as applied thereto. There was no evidence which purported to discharge defendant's negative burden to show as a matter of law that plaintiffs have no cause of action on quantum meruit. Judgment of the trial court was therefore correct in respect to plaintiffs' claim which would establish an interest in defendant's property, but was erroneous in respect to the alternative count for a judgment in personam on the action on quantum meruit. Small v. Lang (1951, Tex.Civ.App., Fort Worth), 239 S.W.2d 441, writ refused, n. r. e.

The judgment is therefore affirmed in part and reversed in part. Remand will be to the court below with instructions that trial pend on the merits of the claim asserted on quantum meruit under the alternative plea.