TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,

v.

T. A. WEEMS et al., Appellees.

No. 10681.

Court of Civil Appeals of Texas.

Austin.

June 24, 1959.

Camp & Camp, Cameron, Coleman Gay, James R. Meyers, Austin, for appellant.

Jack W. Prescott, Cameron, Richard Spinn, Brenham, Flahive & Bondies, Austin, for appellees.

PER CURIAM.

No brief has been filed on behalf of appellee and we accept appellant's brief as correctly stating the facts and the record. Rule 419, Texas Rules of Civil Procedure; Fambrough v. Schooler, Tex.Civ. App., 307 S.W.2d 590, er. dism.

Appellant filed this suit against the appellee Weems to obtain a judgment declaring that it is not liable to defend any suit against him for damages to the appellee Quebe as a result of an accident occurring on January 31, 1958, or to pay any judgment as a result of such suit. The appellee Quebe, who received personal injuries as a result of the accident, and Western Casualty and Surety Company, the company carrying workmen's compensation insurance on Quebe, were joined in the declaratory judgment action. Appellant's sole ground for denying liability on the policy was that appellee Weems failed to give notice of the accident "as soon as practicable" as required by the policy.

In a nonjury trial the Court refused to grant appellant the declaratory relief it sought and appellant duly perfected its appeal to this Court. For convenience the parties will be referred to as appellant, Weems, Quebe and compensation carrier.

Appellant's point is that:

"The trial court erred in holding that Weems gave notice of the accident in which Quebe was injured as soon as practicable."

Weems, who operated a combination grocery and liquor store in Rockdale, Texas, was insured under a storekeeper's liability insurance policy issued by appellant. The policy provided in part that appellant would pay on behalf of the insured, Weems, "all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * caused by accident and arising out of the ownership, maintenance or use of the premises. * * *"

The policy also provided:

"Conditions: 2. *Notice of Accident.* When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

The accident occurred on January 31, 1958, and the claimed injury resulted from the throwing of a lighted firecracker into a covered-over trailer of a delivery truck in which the injured party Quebe was working. Quebe received emergency treat-

ment from a local doctor who was paid $7 by Weems.

Weems did not notify appellant of the accident until May 14, 1958, and offered no explanation for his failure to give notice, but said that he did not know Quebe was claiming an ear injury.

We do not believe that Weems, the insured under the policy, which required insured to give written notice as soon as practicable of any accident, complied with the terms of the policy and is entitled to benefits of the policy. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95.

In National Surety Corporation v. Diggs, Tex.Civ.App., 272 S.W.2d 604, er. ref., N. R.E., the court held as a matter of law that a delay of three and one-half months after an accident that notice was not given "as soon as practicable."

The judgment of the Trial Court is reversed and judgment is here rendered in favor of appellant, declaring that it is not liable under the policy to defend any suit by Quebe, or his compensation carrier against Weems arising out of the accident, or to pay any judgment as a result of such suit.

Reversed and rendered.