James H. QUARLES, Appellant,

v.

TRADERS AND GENERAL INSURANCE CO. et al., Appellees.

No. 13618.

Court of Civil Appeals of Texas.

Houston.

Nov. 3, 1960.

Rehearing Denied Dec. 1, 1960.

Conway & Navarro, Walter Conway, Houston, for appellant.

Davis Grant, Austin, for appellee J. B. Cudd, Sr.

Hicks, Dollahon, Boss & Wohlt, Willard I. Boss, Houston, for appellee State Farm Mut. Ins. Co.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., Houston, for appellee Traders & General Ins. Co.

BELL, Chief Justice.

This is an appeal from a summary judgment rendered in favor of the appellees.

Appellant filed suit against Traders and General Insurance Company, State Farm Mutual Auto Insurance Company and J. B. Cudd, Sr., seeking to recover damages. As we construe the pleading, appellant alleges that J. B. Cudd, Sr. was a passenger in an automobile belonging to R. E. Young that was in collision with an automobile driven by A. L. Morgan on December 12, 1956; that Traders and General carried insurance covering Morgan and State Mutual carried insurance covering Young; that in December, 1956 the two insurers gathered information from Cudd concerning the accident and the appellant Quarles; that this information was turned over to the Harris County Grievance Committee for the purpose and intention of stirring up litigation against Quarles; that the information was false and known to be false. Then appellant alleges that on January 17, 1958, Cudd, for the purpose of assisting the other de-

fendants and the Harris County Grievance Committee in their investigation against appellant, made an affidavit. The alleged false part of the affidavit is:

"* * * About a week or ten days after the accident, a man came by to see me at my home at 6606 Steubner Airline, in the afternoon. *He said his name was Quarles. I remember his name because I asked him if he was any kin to the woman who had killed her kids.*"

Appellant says the italicized portion was made by Cudd deliberately and maliciously so appellant would be prejudiced in the trial of the suit filed against him by the Harris County Grievance Committee. The affidavit was used in such suit. It is alleged that prior to giving the affidavit the defendants, and others unknown to appellant, had entered into a conspiracy to attempt to assist the Harris County Grievance Committee to obtain an injunction enjoining appellant from continuing his business or profession. Appellant says the affidavit was made with the full cooperation of the other defendants in this case. Then it is alleged the affidavit was used in the case; that publicity from the suit forced appellant to discontinue his business for eighteen months. Then follow other allegations which we need not notice.

As we construed the appellant's petition, he assumes to assert a cause of action for a conspiracy between appellees to get the Harris County Grievance Committee to obtain an injunction to enjoin appellant from pursuing his business or profession and for libel because information given the Grievance Committee, particularly the above affidavit, was false and was used in the injunction suit that was filed against appellant and which was successfully prosecuted.

Each defendant filed an answer containing special exceptions and a general denial.

The appellees filed a motion for summary judgment, asserting the cause of action was barred by limitation; that the execution of

the affidavit of January 17, 1958 and its publication and circulation were privileged; that State Farm and Traders and General did not obtain and had no connection with obtaining any statement or affidavit of Cudd; and that none of the defendants entered into a conspiracy to assist such Grievance Committee in obtaining an injunction against appellant.

Attached to this motion was the affidavit of Phil E. Hammer, formerly Assistant General Counsel of the State Bar of Texas, who assisted in the trial of the injunction suit against appellant. The effect of this affidavit is to show that he alone was responsible for obtaining the affidavit of January 17, 1958 from Mr. Cudd and he obtained it in connection with the preparation of the case pending against appellant. Too, the affidavit of Mr. Cudd supports the affidavit of Mr. Hammer and additionally states that other than this affidavit he had no conversation, communication or correspondence with anyone concerning appellant. He specifically alleges he never had any agreement with or acted in concert with the other appellees. Also attached to the motion are the original affidavit of Cudd, a copy of the petition in the injunction suit against appellant, appellant's answer, the motion for summary judgment in the injunction suit, the judgment of the 133rd District Court enjoining appellant, and the opinion of this Court reforming the judgment and affirming the judgment as reformed. Our opinion in such case will be found in Quarles v. State Bar of Texas, 316 S.W.2d 797.

Appellant, in reply to this motion for summary judgment, filed sworn specific denials of the facts stated in the exhibits supporting the motion for summary judgment. He alleges no facts in this sworn reply.

Appellant's brief is in no wise a compliance with the rules for briefing. It consists of merely a statement of what was done in the trial court and a statement that because of his sworn "controversion" fact

issues were raised and that he "assigned as error" the refusal of the trial court to file findings of fact and conclusions of law.

We will, however, briefly discuss whether fact issues were raised and whether it was error for the trial court to refuse to file findings of fact and conclusions of law.

■ We think the affidavits attached to the motion for summary judgment show that the affidavit of which appellant complains was obtained as a result of the efforts of Mr. Hammer alone and as a result of his initiative. Too, they were designed for and were used in the trial of the injunction suit in which appellant was enjoined from doing various acts that amount to practicing law. The affidavits show no actionable conspiracy. The pleadings fail to allege any actionable conspiracy. The other exhibits show the successful prosecution of the injunction suit against appellant in which the alleged false information was used.

■ When appellees had filed their motion together with the exhibits, it devolved upon appellant to counter with an affidavit or affidavits reciting facts that refuted those set up by appellees. His sworn specific denial did not allege facts. Rule 166–A, Texas Rules of Civil Procedure; Leach v. Cassity's Estate, Tex.Civ.App., 279 S.W.2d 630; Mugrage v. Texas Employers Ins. Ass'n, Tex.Civ.App., 304 S.W.2d 189, error dism.

■ Too, we think the record shows the statements and affidavit were for use in and were used in a law suit and were, therefore, privileged. 27 Tex.Jur., Sec. 34, pp. 645–648, and authorities there cited; Art. 1289, Vernon's Ann.Tex.St.

■■ There was no error in the refusal of the trial court to file findings of fact and conclusions of law. The court is required to do this only in a trial before the court without a jury or in a jury trial where there are omitted supporting issues in the court's charge to the jury. In a motion for

**548**

summary judgment no facts are decided. The court merely determines whether there are fact issues to be decided. In doing this he is determining a question of law. Riemenschneider v. Missouri Pac. R. Co., Tex. Civ.App., 316 S.W.2d 949, no writ hist.; Rolfe et al. v. Swearingen et al., Tex.Civ. App., 241 S.W.2d 236 ref., n. r. e.

The case of Volunteer State Life Insurance Co. v. Snipes, Tex.Civ.App., 209 S.W.2d 935, the only case cited by appellant, is not in point. That was a case tried on its merits before the court.

The judgment of the trial court is affirmed.