Byron BURNETT, Appellant,

v.

CORY CORPORATION, Appellee.

No. 15931.

Court of Civil Appeals of Texas.

Dallas.

Nov. 10, 1961.

Rehearing Denied Dec. 15, 1961.

Wm. Andress, Jr., Dallas, for appellant.

Ungerman, Hill, Ungerman & Angrist and Robert W. Austin, Dallas, for appellee.

WILLIAMS, Justice.

This is a summary judgment case. On May 28th, 1959, Cory Corporation, "d/b/a Mitchell Manufacturing Company, a Corporation" instituted this action against Byron Burnett, d/b/a Texas Improvement Company, in the nature of a suit on verified account. Attached to the original petition were various invoices directed to Texas Improvement Company from "Mitchell Manufacturing Company, division of Cory

Corporation." Thereafter, on June 27th, 1959, Byron Burnett filed his unsworn answer in which he moved to dismiss the case on the grounds that Cory Corporation is a separate corporation from Mitchell Manufacturing Company and that said petition affirmatively demonstrated that Cory Corporation had no basis of action against Burnett. Subject to this motion to dismiss, Burnett filed a special exception directed to the allegations concerning the status of Cory Corporation and Mitchell Manufacturing Company. Following a general denial, Burnett then alleged that his transactions had been with Mitchell Manufacturing Company; that certain credits had not been allowed, and therefore the account is not just and true. Additionally, he sought offsets and counterclaims by virtue of certain "potential liabilities" which he claimed arose out of certain warranties which he furnished customers based upon alleged representations of Mitchell Manufacturing Company. On July 14th, 1959, Cory Corporation, d/b/a Mitchell Manufacturing Company, filed its motion for summary judgment, duly verified by one of its attorneys, alleging that there is no genuine issue as to any material fact and that defendant's unverified answer was insufficient in law to constitute a defense. While the record does not affirmatively reveal the action of the trial court in connection with Burnett's motion to dismiss and special exception contained in his original answer, there is an unchallenged statement in appellant's brief to the effect that the court did hear the motion and special exception and suggested that plaintiff should amend. Thereafter on January 11th, 1960, Cory Corporation filed its First Amended Original Petition alleging that Mitchell Manufacturing Company was a division of Cory Corporation; that on November 22nd, 1957 Mitchell Manufacturing Company was merged into Cory Corporation, pursuant to the laws of the State of Delaware, as reflected by a certificate of ownership and merger, said certificate being attached to the amended petition; and that the account as evidenced by the various invoices, was owned by Cory Corporation.

The amended petition then reasserted the same verified account as was contained in the original petition. Thereafter on November 10th, 1960, the trial court rendered final judgment sustaining the motion for summary judgment, said judgment containing inter alia, the following recitations:

"On the 10th day of November 1960 in the above entitled, and numbered cause, came on to be heard plaintiff's cause, and came the plaintiff by and through its attorney of record and announced ready, and came the defendant by and through his attorney of record, who in open court stated that there had been no service upon the Amended Petition filed in this cause by plaintiff, which he claimed asserted a new cause of action, and that defendant had not appeared nor answered thereto, and that he was present upon a Motion for Summary Judgment which had been filed prior to the amendment of said petition, and the court having thereupon considered such Motion, the pleadings, over the Defendant's objection to the sufficiency of the affidavit attached to Plaintiff First Amended Original Petition, and the Court having further considered the admissions on file, over Defendant's objection that time for answer required by Rule 169 had not been given Defendant, and the Court having heard and considered the argument of counsel on said Motion is of the opinion, and hereby finds, that there is no genuine issue as to any material fact existing between the parties with reference to the debt and account upon which plaintiff's cause of action is predicated; that plaintiff, Cory Corporation, a Corporation, is entitled to judgment as a matter of law on the account sued upon and that Plaintiff's Motion should be, and the same is hereby, granted and sustained; that the account and debt upon which Plaintiff's cause of action is based is proved by the admissions on file herein on which debt and account there is due and owing to the Plaintiff by the

Defendant the sum of $5,738.56 principal, $982.00 interest, together with reasonable statutory attorney's fees, which the Court finds and assesses in the sum of $850.00, or a total of $7,570.-56, in which sum the Plaintiff is entitled to recover from the defendant herein."

In his first point on appeal, appellant asserts that the summary judgment was improvidently granted because the petition in existence when it was filed was defective, and after the petition was amended to state a new cause of action, no new motion for summary judgment was ever filed. By this point appellant assumes that plaintiff's First Amended Original Petition was so different from the original petition as to constitute a new cause of action requiring new citation and another motion for summary judgment. With this contention we cannot agree. It is significant to observe that both the original petition and the amended petition alleged the identical account. Attached to each petition, as exhibits, are the identical invoices and statements of accounts, each captioned "Mitchell Manufacturing Company, a division of Cory Corporation." The first amended original petition was filed in this case, as a part of the orderly processes permitting amendment of pleadings, in response to appellee's motion to dismiss and special exception in which he sought a clarification of the status of the corporation bringing the case. We hold that the amended petition was not in the nature of a new cause of action, but merely a clarification of the parties. Our Supreme Court in Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816 disposed of this question stating that a mere change in the capacity in which the plaintiff brings a suit, where the substantive facts are the same, does not amount to the institution of a new suit. See also Yeary v. Hinojosa, Tex.Civ.App., 307 S.W.2d 325; Baker v. Gulf C. & S. F. Ry. Co., Tex.Civ.App., 184 S.W. 257 and Rachford v. City of Port Neches, Tex.Civ.App., 46 S.W.2d 1057.

Neither do we agree with appellant's contention that the trial court was without power to consider the amended pleadings in connection with the motion for summary judgment, filed prior to such pleadings. Rule 166–A, Texas Rules of Civil Procedure, specifically provides that judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, demonstrate no genuine issue or any material fact. This truly implies pleadings, depositions, and admissions on file at the time of the hearing of the motion for summary judgment. To hold otherwise, would violate the salutary provisions of our rules permitting amendments to pleadings. The summary judgment rule clearly provides that the trial court shall determine from the entire record then before it, whether in fact, there is a disputed material issue to be determined by a trier of fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. The amended petition, unchallenged by exceptions, stands in the place of the original petition as part of the record in the case. Rule 65 T.R.C.P.; Kelso v. Wheeler, Tex.Civ.App., 310 S.W.2d 148. This court in Schepps v. American Dist. Telegraph Co. of Texas, Tex.Civ.App., 286 S.W.2d 684, in affirming a summary judgment, said that the trial court was duty bound to consider plaintiff's last amended original pleadings in full on the hearing for summary judgment.

By his second point appellant challenges the judgment by the assertion that, without supporting affidavits, the motion for summary judgment was improperly granted because there was an issue of fact apparent from the pleaded offset and counter-claim, as well as conflicting affidavits of account attached to the original and amended petitions. This point must be overruled. Appellant did not deny the verified account, as provided under Rule 185 T.R.C.P. Appellant's answer, not sworn to, is the only pleading appearing in the record on behalf of Burnett. The judgment of the trial court recites that the basis of such judgment is not only the pleadings

but the admissions before the court. Thus it is evident that appellee, upon hearing, did not rely solely upon the verified account but went further and introduced extrinsic evidence in the form of admissions to support its allegations that there were no material issues of fact. Appellant introduced no evidence whatsoever. At the hearing the burden of proof was definitely upon the appellee to establish no genuine issue of fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. Appellee did this by introducing extrinsic evidence in support of its verified petition thereby demonstrating its right to recover. To oppose, the appellant became obligated to raise affirmative defenses of offset and counter-claim by some means other than by his mere pleadings. In Gulf C. & S. F. Ry. Co. v. Mc-Bride, 159 Tex. 442, 322 S.W.2d 492, 500 our Supreme Court said:

> "When a motion for summary judgment is supported by affidavits, depositions, stipulations, or other extrinsic evidence sufficient on its face to establish facts, which, if proven at the trial would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate relief under subdivision (f) of Rule 166–A. (Citing cases). Where the plaintiff moves for summary judgment in an action in which defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issues upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense."

See also the opinions of this Court in Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832; Sessions Co. v. W. A. Sheaffer Pen Co., Tex.Civ.App., 344 S.W.2d 180; and the opinions of the Supreme Court in Kuper v Schmidt, Tex., 338 S.W.2d 948; and Allen v. Western Alliance Ins. Co., Tex., 349 S.W.2d 590.

■ By his third and final point appellant contends that the request for admission of facts was improperly considered on the motion for summary judgment in that the appellant was not given the time prescribed by Rule 169 to answer same. The request for admissions does not appear in the record. There is no statement of facts, nor independent findings of facts and conclusions of law by the trial court. The only reference to insufficiency of the request for admissions of fact is found in the judgment wherein the court stated that he had considered the admissions on file, over defendant's objections that time for answer required by Rule 169 had not been granted defendant. Appellant, in his statement under point three, states that the request for admissions served upon his client provided that matters would be deemed admitted "unless answered within ten days after delivery". He contends that under Rule 169 T.R.C.P. that his client should have been given "not less than ten days" within which to answer. We are of the opinion that since appellant has failed to bring forward into the record the matter about which he now complains, we should not consider such point. However, appellee, in its brief impliedly assents to our considering this point by setting out facts, unchallenged by appellant, relating to the service on appellant of the request for admissions of fact. In any event we see no merit to appellant's third point and the same is overruled.

■ According to appellee's brief plaintiff's request for admissions of fact was mailed to defendant's attorney by certified mail on January 11th, 1960; the receipt thereof is not denied. Defendant made no response of any character to plaintiff's request, nor did he, at any time by motion or otherwise, seek to gain additional time in which to deliver to plaintiff a sworn statement in reply to the request. Rule 169 T.R.C.P. grants to the party a period of ten days in which to answer request for

admissions of fact. It does not authorize the party to ignore the requests by declining to answer them at all. Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225; Frierson v. Modern Mutual Health & Accident Ins. Co., Tex.Civ.App., 172 S.W.2d 389. In order to avoid the consequences of failure to answer a party must show legal or equitable excuses for his failure to answer. Lozano v. Kazen, Tex.Civ.App., 313 S.W. 2d 894. See also Croan v. McKinney (Tex.Civ.App.), 185 S.W.2d 768, aff. Supreme Court, 188 S.W.2d 144.

■ Since there is no statement of facts or findings of fact and conclusions of law, every presumption must be applied in favor of the judgment of the trial court in a case of this kind. It is to be presumed, from the recitations contained in the judgment in this case, that the trial court correctly received sufficient legal evidence to justify his judgment and also applied the applicable law thereto. McFarland v. Connally (Tex. Civ.App.), 252 S.W.2d 486; Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015.

The judgment of the trial court is affirmed.