Carol Hardin WRIGHT et vir, Appellants,

v.

John F. BIDA, Appellee.

No. 16346.

Court of Civil Appeals of Texas.

Fort Worth.

June 29, 1962.

Rehearing Denied Sept. 14, 1962.

Fanning, Harper & Gilley, and Harlan Harper, Jr., Dallas, for appellants.

Crowley, Wright, Miller & Garrett, and William T. McGee, Fort Worth, for appellee.

RENFRO Justice.

Joe Wright brought suit against Dr. John F. Bida on July 11, 1961, and for cause of action "would show that on or about the 15th day of July, 1959, the Defendant negligently performed an operation upon the Plaintiff's wife, Carol Wright, and gave her shots at a later time, which proximately caused Plaintiff's wife to become injured, and to sustain great mental anguish and physical pain from suffering, and caused disability to the Plaintiff's wife, thereby resulting in damages to the Plaintiff and his wife in the sum of $20,000.00."

On October 31, 1961, plaintiffs filed a first amended petition. The petition is not included in the transcript. The parties agree, however, that in said petition plaintiffs for the first time plead the April 3rd operation, hereinafter mentioned.

On November 17, 1961, Wright and his wife Carol filed plaintiffs' second amended petition. In the second amended petition plaintiffs abandoned the cause of action alleged in the original petition and plead that on April 3, 1959, defendant performed a vasectomy operation upon Joe Wright, and after making tests informed Wright, on August 12, 1959, the operation was a success and he could have intercourse with his wife without fear of her becoming pregnant. They alleged that in the latter part of August, 1959, defendant informed them the operation was not a success and there was danger plaintiff's wife would become pregnant. She did. The discovery of pregnancy was made in December of 1959, and in January of 1960 she suffered a miscarriage. The plaintiffs "would show that because of the defendant's representations and negligence, the plaintiff Carol Hardin Wright became pregnant * * * and had a miscarriage." Plaintiffs prayed for damages for pain and suffering incurred by Carol by reason of the miscarriage and for loss of earnings because of partial physical disability.

Wright sought damages for injury sustained as a result of the alleged negligent operation performed on him by defendant on April 3, 1959.

The defendant filed a sworn motion for summary judgment based upon the pleadings and the depositions of plaintiffs and defendant. Essentially defendant took the position that both from the standpoint of the pleadings and of the evidence as developed by deposition, plaintiffs' cause of action was barred by the two year statute of limitation.

Plaintiffs did not answer or controvert the motion but relied entirely upon their pleadings.

The second amended petition shows on its face it was based on an entirely different cause of action than the one alleged in the original petition. The original petition was based solely on an alleged operation performed on Mrs. Wright. The amended petition, which abandoned all mention of any operation performed on Mrs. Wright, was based on the operation, and representations made concerning same, performed on Mr. Wright on April 3, 1959. The amended petition states that defendant informed plaintiffs in August of 1959 that the operation was a failure.

Giving the plaintiffs' pleadings the most liberal construction, they show plaintiffs knew in August of 1959 that the operation was not successful and the alleged representations were not true. The new cause of action filed on October 31, 1961, and on November 17, 1961, based wholly upon and growing out of a new, distinct and different transaction or occurrence, was barred by the two year statute of limitation. Art. 5526; Art. 5539b, Vernon's Ann.Tex. Civ.St. There are no allegations in the

petition sufficient to toll limitation. Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878; Johnson v. Daniel Lumber Co., Tex.Civ. App., 249 S.W.2d 658, refused. The court did not err in granting the motion for summary judgment on the pleadings.

Further, the judgment recited that the court, after considering the pleadings and depositions, found an absence of genuine issue of any material fact, and that defendant was entitled to judgment as a matter of law.

The plaintiffs did not file a statement of fact in this court.

Where there is no indication that evidence was introduced before and considered by the trial court which is not brought forward in the record, no presumptions are to be applied in favor of a summary judgment on the basis of the absence of a statement of facts. Box v. Bates, Tex., 346 S.W.2d 317.

When, however, it affirmatively appears from the record that evidence was introduced and considered by the trial court it will be presumed, in the absence of a statement of facts, that such evidence, in this case the depositions of the plaintiffs and the defendant, did not raise any genuine issue of material fact. Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015; McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Maxwell v. Maxwell, Tex.Civ.App., 292 S.W.2d 368.

The trial court is not, as claimed by the plaintiffs, required to make findings of fact in disposing of a motion for summary judgment. Findings are appropriate only in deciding issues of fact. In granting a motion for summary judgment the court merely rules that there are no material issues of fact. Rolfe v. Swearingen, Tex. Civ.App., 241 S.W.2d 236; Riemenschneider v. Missouri Pacific Railroad Co., Tex.Civ. App., 316 S.W.2d 949; Quarles v. Traders

and General Ins. Co., Tex.Civ.App., 340 S.W.2d 545; Quarles v. State Bar of Texas, Tex.Civ.App., 316 S.W.2d 797.

All points of error are overruled, and the judgment is affirmed.