Yarborough, Yarborough & Johnson, and W. E. Johnson, Dallas, for appellant.

Clyde & Barnes and Al Clyde, Fort Worth, for appellee.

RENFRO, Justice.

This is an appeal by Burton E. Ellis from a judgment rendered against him in the 96th District Court of Tarrant County.

Appellant did not file a brief.

The appeal is dismissed for want of prosecution. Rule 415, Texas Rules of Civil Procedure; Callaham v. Callaham, Tex. Civ.App., 353 S.W.2d 39; State v. Rydel, Tex.Civ.App., 336 S.W.2d 631.

Appeal dismissed.

**Hiram W. KELLUM, Appellant,**

v.

**PACIFIC NATIONAL FIRE INS. COMPANY, Appellee.**

No. 16027.

Court of Civil Appeals of Texas.

Dallas.

July 27, 1962.

Rehearing Denied Sept. 28, 1962.

Fanning, Billings, Harper, Pierce & Gilley, Harlan Harper, Jr., Dallas, for appellant.

Touchstone, Bernays & Johnston, and Webber W. Beall, Jr., Dallas, for appellee.

WILLIAMS, Justice.

Declaratory judgment action by Pacific National Fire Ins. Co., as plaintiff, against Hiram W. Kellum and wife, Ruth Kellum, and J. B. Wilder, as defendants, wherein plaintiff sought a judgment declaring no liability under a comprehensive personal liability policy (being a part of a combination household policy) previously issued by plaintiff to Hiram W. Kellum and wife Ruth Kellum. Plaintiff alleged that on May 9th, 1957 it had issued a certain policy of insurance to Hiram W. Kellum and wife Ruth Kellum, effective from May 9th, 1957 to May 9th, 1960, containing coverage of

comprehensive personal liability with limitation of $10,000 for each occurrence and medical payment limited to $250 for each person. It was further alleged that on September 8th, 1959 Hiram W. Kellum and J. D. Wilder were on a hunting trip during which time a shotgun was discharged causing personal injuries to Wilder under such circumstances as would create legal liability under the policy issued in favor of Kellum. Plaintiff charged that the first notice it received concerning this occurrence was an oral notice about July 12th, 1960 and that the first written notice was given by Kellum on or about September 7th, 1960. The policy of insurance provided, as a condition precedent to coverage:

"(f) NOTICE OF OCCURRENCE: When an occurrence takes place written notice shall be given by or on behalf of the insured to this company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and address of the injured and the available witnesses."

Plaintiff alleged that defendant Kellum breached the provisions of the policy with reference to giving notice "as soon as practicable" and that a claim had been asserted under said policy of insurance growing out of the occurrence in question so that the court was requested to declare that the policy was of no force and effect by virtue of said alleged breach.

Defendants, Kellum and wife, answered with a general denial, followed by a plea that they had given written notice of the injury "as soon as practicable". Thereafter plaintiff filed its motion for summary judgment, supported by affidavit of an employee and representative, C. L. Hill. Also attached to the motion for summary judgment was a copy of the insurance policy in question, containing the provision copied above. Defendants, Kellum and wife, filed an answer to the motion for summary judgment consisting mainly of a statement by Kellum that he did not know that his insurance policy covered the occurrence in question and that as soon as he became aware of the fact that such policy did afford coverage he did notify the insurance company. No affidavits or other extrinsic evidence was filed by Kellum and wife in opposition to the motion for summary judgment.

Upon hearing, the trial court sustained the motion for summary judgment, holding no liability on the part of the plaintiff. While notice of appeal was given by all three defendants, only one defendant, Hiram W. Kellum, has filed an appeal bond and thereby perfected an appeal to this court.

By a plethora of points, many being too general to be considered, appellant, Kellum, assails the action of the trial court in sustaining the motion for summary judgment.

■ Appellant's point, complaining of the failure of the trial court to make findings of fact and conclusions of law at his request, is without merit. This is a summary judgment action wherein no facts are decided. In such a case the court determines, as a matter of law, whether there are any fact issues to be decided. Therefore, there was no obligation on the part of the trial judge to file findings of fact and conclusions of law. Riemenschneider v. Missouri Pacific Railroad Company, Tex.Civ. App., 316 S.W.2d 949; Rolfe v. Swearingen et al., Tex.Civ.App., 241 S.W.2d 236; Quarels v. Traders & General Ins. Co., Tex.Civ. App., 340 S.W.2d 545.

■ Appellant complains of the failure of the court to sustain defendant Wilder's exceptions contained in his answer to the plaintiff's motion for summary judgment. This point is without merit for several reasons. In the first place defendant Wilder has not perfected an appeal to this Court. Also since the record is devoid of any

showing that such special exceptions were ever called to the court's attention, same were waived. Lozano v. Kazen, Tex.Civ. App., 313 S.W.2d 894; Tex.Jur.2d Vol. 3, p. 647, § 393.

■ Appellant contends that the court erred in rendering summary judgment in that the affidavit of C. L. Hill, in support of the motion is insufficient and further contains hearsay matters which would not have been admissible in evidence. An examination of the affidavit of C. L. Hill reveals that he was an employee and representative of Pacific Nat. Fire Ins. Co., and was cognizant of the facts stated in the affidavit. Rule 166–A(e) Texas Rules Civ.Proc. provides that supporting affidavits shall be made on personal knowledge and show affirmatively that the affiant is competent to testify to the matters stated in said affidavit. We believe that Hill's affidavit meets all the requirements. Womack v. Allstate Ins. Co., Tex.Civ.App., 286 S.W.2d 308, reversed on other grounds, 156 Tex. 467, 296 S.W.2d 233. It is true that Hill's affidavit contains certain conclusions and other matters that would probably be inadmissible in evidence upon the trial of the case. However, the material facts, i. e., those relating to the issuance of the policy, and its contents; the first receipt of oral notice on July 12th, 1960; and the first written notice received by the company on September 7th, 1960, are clearly demonstrated and would be admissible if testified to by Hill on the trial of the case. The fact that Hill's affidavit contains both admissible and inadmissible matters does not render the affidavit entirely void. Farmers & Merchants, etc. v. City of Dallas, Tex.Civ.App., 335 S.W.2d 854; Bogert v. South Pac. Co., 2 Cir., 285 F. 46. It is to be presumed from the recitations contained in the judgment in this case, that the trial court correctly received sufficient legal evidence to justify his judgment and also applied the applicable law thereto. McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Reese v. Davittle et al., Tex. Civ.App., 255 S.W.2d 1015; Burnett v. Cory Corp., Tex.Civ.App., 352 S.W.2d 502.

■ Appellant next contends, without citing supporting authority, that an issue of fact was presented by appellee's motion for summary judgment and appellant's general denial. The motion for summary judgment was supported by the affidavit of C. L. Hill, together with attachments thereto. There was a general denial in the first amended original answer of Kellum. That a mere general denial in a case of this kind, is insufficient to create an issue of fact has been held by this and other courts on many occasions. Sparkman v. McWhirter, Tex. Civ.App., 263 S.W.2d 832; Sessions Co. v. Sheaffer Pen Co., Tex.Civ.App., 344 S.W.2d 180; Schmidt v. Kuper, Tex.Civ.App., 324 S.W.2d 307, reversed on other grounds, 161 Tex. 189, 338 S.W.2d 948; Allen v. Western Alliance Ins. Co. (Tex.) 349 S.W.2d 590; McDonald, "Texas Civil Practice" § 17.26, p. 1379; Benson v. Harrell, Tex.Civ.App., 324 S.W.2d 620.

■ We come now to a consideration of what we consider the gravamen of appellant's appeal. Was there an issue of fact presented by the pleadings, motions and affidavits before the Court? The burden of proof was definitely upon appellee to establish no genuine issue of fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929. Appellee did this by introducing extrinsic evidence in support of its petition and motion for summary judgment, same demonstrating facts which would justify the granting of an instructed verdict had the case proceeded to trial on its merits. In order to defeat the motion it then was incumbent upon appellant to present more than pleadings. It became necessary for him to counter with extrinsic evidence, as stated by the Supreme Court in Gulf C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492:

"When motion for summary judgment is supported by affidavits, depositions, stipulations or other extrinsic evidence sufficient on its face to establish facts, which, if proven at trial, would entitle the movant to an instructed ver-

dict, opponent must show opposing evidentiary data which will raise an issue as to a material fact or must justify his inability to do so and seek appropriate relief under Rule subdivision. Rules of Civil Procedure, rule 166–A(f)."

■ We are of the opinion that the facts developed by appellee were sufficient to demonstrate that, as a matter of law, the provisions of the insurance policy relating to the notice had been breached. There are no denials concerning the provisions of the policy concerning notice, nor is there any denial of the fact that notice was not given until approximately one year after the occurrence of the accident.

Our Supreme Court has had occasion to pass upon and construe the identical provisions of the insurance policy in question. In the recent case of Allen v. Western Alliance Ins. Co., Tex.Civ.App., 343 S.W.2d 765 notice was not given until 107 days after the accident. In construing an identical provision concerning notice "as soon as practicable" the Supreme Court, 349 S.W.2d 590, 594, said:

> "We hold that as a matter of law the failure to give notice for 107 days, under the circumstances of this case, did not constitute the giving of notice 'as soon as practicable' after the accident."

Again in the case of Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, our Supreme Court passed upon the identical question wherein notice was delayed for a period of 32 days. The court held that such delay was not "as soon as practicable" as a matter of law.

In Trinity Universal Ins. Co. v. Weems, Tex.Civ.App., 326 S.W.2d 302, the Court of Civil Appeals at Austin, held that failure to give notice of the accident for three and one-half months was not "as soon as practicable" as a matter of law.

In National Surety Corp. v. Diggs, Tex.Civ.App., 272 S.W.2d 604, the Court of Civil Appeals at Fort Worth held that delay of 104 days in reporting the accident was, as a matter of law, not "as soon as practicable."

That failure to give notice "as soon as practicable" is a defense under a policy was decided in New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56, wherein our Supreme Court held that the failure of the insured to give notice "as soon as practicable" is a valid defense under the policy, regardless of whether any loss or damage to the insurer resulted from the delay.

■ Appellant's efforts in unsworn answer and other pleadings to excuse his failure to notify the insurance company because of lack of knowledge of the policy coverage and his mistaken belief that the injury was not insured against is not sufficient to defeat the judgment rendered in this case. It is undisputed that appellant Kellum had possession of the policy and ample opportunity to read the same and familiarize himself with the terms thereof. Lack of knowledge of coverage and lack of knowledge that a claim could be made are not good excuses, as a matter of law, for complying with the provisions of the policy concerning notice. Jefferson Standard Life Ins. Co. v. Williams, Tex.Civ.App., 62 S.W.2d 661, writ ref.; Trinity Universal Co. v. Weems, Tex.Civ.App., 326 S.W.2d 302; Allstate Ins. Co. v. Hoffman, 21 Ill. App.2d 314, 158 N.E.2d 428; Segal v. The Aetna Casualty & Surety Co., 337 Mass. 195, 148 N.E.2d 659; Acosta v. Roach, 12 Misc.2d 494, 172 N.Y.S.2d 116; Gluck v. London & Lancashire, Sup., 134 N.Y.S.2d 889; Campbell v. Continental Casualty Co. of Chicago, 8 Cir., 170 F.2d 669; Dixie Furn. Co. v. Central Surety & Ins. Co., D. C., 173 F.Supp. 862, affirmed, 8 Cir., 272 F. 2d 190.

We have carefully considered all of appellant's points and finding same to be without merit, they are overruled.

The judgment of the trial court is affirmed.