Albert **MADARIAGA**, et ux., Appellants,

v.

**James R. MORRIS, Appellee.**

No. 1539.

Court of Appeals of Texas, Tyler.

Sept. 10, 1982.

Rehearing Denied Oct. 9, 1982.

Ron Adkison, Henderson, for appellants.
Eldred Smith, Longview, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a judgment granting specific performance of an option to purchase a business.

Plaintiff/appellee James Morris brought this suit against defendants/appellants Albert Madariaga and wife Mae Madariaga, seeking specific performance of an option to purchase a business contained in a written lease agreement between the parties. The Madariagas answered with a general denial. After a nonjury trial, the court decreed specific performance of the option. The Madariagas have perfected this appeal.

We affirm.

The Madariagas had a business in Kilgore, Texas, for "making, manufacturing and selling 'Albert's Famous Mexican Hot Sauce.'" They owned the formula for this sauce. On or about December 9, 1970, they entered into a written contract whereby they leased said business, including the formula and goodwill of said business, to Morris and his partner James D. Mayfield for a consideration of $54,000.00. Under the contract, Morris and Mayfield were obligated to make rental payments of $500.00 per month with the first payment due on or before the 10th day of January, 1971, and a like payment on the 10th day of each month thereafter until said $54,000.00 had been paid in full.

Paragraph (5) of the contract granted the following option for purchase of the business:

(5) When James D. Mayfield and James R. Morris have paid to Albert Madariaga and Mae Madariaga the sum of

$54,000.00 in accordance with the terms and provisions of this lease memorandum, then Albert Madariaga and Mae Madariaga agree to convey said business to James D. Mayfield and James R. Morris, doing business as Mayfield & Morris, or their assigns, *said business, formula and all rights under this lease contract* for a consideration of $1,000.00 cash. (Emphasis added.)

The contract contained the following provision for royalty payments:

(6) *In addition to the payment of said rental payments as above set out,* James D. Mayfield and James R. Morris, a partnership doing business as Mayfield & Morris, agree and obligate themselves to pay to Albert Madariaga and Mae Madariaga 25¢ per case on all sales of Albert's Famous Mexican Hot Sauce as a royalty. This payment shall be made once per month and shall be due and payable on or before the 10th of said month with the first payment being due and payable on or before the 10th day of January, 1971. (Emphasis added.)

Shortly after the execution of the contract, Mayfield on July 30, 1971, assigned all his interest in the contract (including the lease agreement and option) to Morris; the Madariagas joined in and consented to this assignment; and Morris thereby assumed all obligations set out in the contract.

It is undisputed that on December 10, 1979, Morris had made the following payments to the Madariagas as provided in the contract: (1) the sum of $54,000.00 as consideration for the lease in monthly installments of $500.00 as due under the contract, (2) all royalty payments called for during the rental payment period, and (3) the sum of $1,000.00 in cash as consideration for a conveyance of the business under the option granted in the contract.

After paying the $1,000.00, Morris requested that the Madariagas convey him the business. This, they refused to do unless he would continue paying the royalty perpetually.

The Madariagas have appealed asserting four points of error. In their first point they complain that the pleadings and proof did not support a judgment for specific performance. They contend that Morris has not pleaded nor offered any evidence that money damages were inadequate.

■ The equitable remedy of specific performance is not ordinarily available when the complaining party can be fully compensated through the legal remedy of damages. 52 Tex.Jur.2d, Specific Performance, §§ 22 and 23 (1964); *Sammons Enterprises, Inc. v. Manley,* 540 S.W.2d 751, 757 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.).

■ Where, however, the personal property contracted for has a special, peculiar, or unique value or character, and the plaintiff would not be adequately compensated for his loss by an award of money damages, specific performance may be decreed. Similarly, special performance of a contract involving personal property may be granted where the subject matter of the contract is of a special and peculiar nature and value, and damages are not measurable. 81 C.J.S. Specific Performance § 82 (1977).

Under Tex.Bus. & Com.Code Ann. § 2.716 (Tex. UCC) (Vernon 1968), it is provided that specific performance may be decreed where the goods are unique or in other proper circumstances.

■ Equity will generally decree specific performance at the instance of the buyer of personal property, which property he needs and which is not obtainable elsewhere. The scarcity of a chattel has been recognized as an important factor in determining whether specific performance of a contract for its sale will be granted. 71 Am.Jur.2d, Specific Performance §§ 153 and 156.

■ Although plaintiff's petition must show that he does not have an adequate remedy at law, it is not necessary for him to allege in express terms that plaintiff does not have an adequate legal remedy or that the breach cannot be adequately compensated in damages. It is sufficient if the facts brought out in the pleadings show

712

such to be the case. 81A C.J.S. Specific Performance § 160b (1977).

■ In the case at bar, we hold that the plaintiff, by the facts brought out in his pleadings and evidence show that he does not have an adequate remedy at law and cannot be adequately compensated in damages. This is apparent from the subject matter of the sale. The business, including the hot sauce formula and goodwill, has a special, peculiar, unique value or character; it consists of property which Morris needs and could not be obtained elsewhere.

Specific performance was decreed in *McCormick Dray Line, Inc. v. Lovell* (1957) 6 Lycoming 55, 13 Pa.D & C.2d 464, a buyer's suit for specific performance of a contract for the sale of the sellers' trucking business, good will, real estate, and transfer of the sellers' Interstate Commerce Commission and Public Utility Commission certificates, in which the court rejected the sellers' argument that the buyer had an adequate remedy at law. In granting specific performance of the contract, the court said that under Uniform Commercial Code § 2–716 specific performance may be decreed where the goods are "unique" or in other proper circumstances, and that "the UCC and PUC rights are unique and therefore proper subject of a decree of specific performance." Madariagas' first point is overruled.

■ The Madariagas next complain that the trial court erred in granting specific performance to a party in an unequitable position (second point), and in disregarding the testimony of Mrs. Madariaga that the royalty payments were perpetual in nature (third point). These two points will be discussed together. Paragraph (6) is the only contract provision dealing with the payment of royalty. That paragraph provides that "*In addition to the payment of said rental payments* as above set out," Morris agrees and obligates himself "to pay to the Madariagas 25¢ per case on all sales of Albert's Famous Mexican Hot Sauce as a royalty." Furthermore, the dates specified in paragraph (6) for the payment of such royalty coincided with the rental payment dates, that is, "be due and payable on or before the 10th of said month with the first payment being due and payable on or before the 10th day of January, 1971." In the construction of written contracts, it is a firmly established rule that the intention of the parties must be determined primarily from the body of the instrument itself. Accordingly, if the terms of an instrument clearly invest it with a definite legal meaning, all necessity for inquiry as to the intent of the parties is then at an end. Therefore, where, as here, a written contract is clear and certain, and where there is no showing of fraud or mistake, the instrument alone will be deemed to express the intention of the parties and will be enforced as written, no matter what their actual intention may have been. It is objective, and not subjective intent that controls the meaning of the contract. 14 Tex.Jur.3rd Contracts § 186.

■ We believe that the plain language of paragraph (6) clearly ties any royalty payments to rental payments, the only provision for royalty under the contract being "In addition to the payment of said rental payments"; and that the Madariagas' right to claim royalty terminated when Morris timely paid to them the total rental consideration of $54,000.00 and the additional sum of $1000.00 in exercise of his option to purchase under paragraph (5).

We therefore hold that Morris came with "clean hands" in seeking specific performance, and that the trial court properly disregarded the testimony of Mrs. Madariaga that it was her intention at the time she signed the contract that the royalty payments would continue "as long as hot sauce was on the shelves." Points 3 and 4 are overruled.

In their fourth point, the Madariagas assert that the contract is not sufficiently clear to support a decree of specific performance.

■ In order to warrant a decree of specific performance thereof, a contract must be clear, definite and certain, but absolute certainty is not required. 81 C.J.S. Specific Performance § 36 (1977).

The contract provided that after paying the total rental consideration of $54,000.00 in accordance with the terms and provisions of the lease memorandum, Morris had an option to purchase "said business, formula and all rights under this lease contract for a consideration of $1,000.00 cash."

We believe that, considering the entire contract from its four corners, the option to purchase granted to Morris in the contract is sufficiently clear, definite and certain for enforcement by specific performance. The terms of the contract are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions of each performance. The business to be conveyed under the option was the "making, manufacturing and selling of 'Albert's Famous Mexican Hot Sauce,'" the formula, and all rights (including goodwill) under the lease contract. The fourth point is overruled.

The judgment of the trial court is affirmed.