NRC, INC., Appellant,

v.

Robert J. PICKHARDT, Appellee.

No. 9199.

Court of Appeals of Texas,
Texarkana.

Feb. 7, 1984.

Rehearing Denied March 27, 1984.

Second Rehearing Denied April 24, 1984.

Barry Bishop, David Duggins, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Malcolm Robinson, Hooper, Robinson & Moeller, Austin, for appellee.

CORNELIUS, Chief Justice.

Robert Pickhardt sued National Resort Communities, Inc. (NRC) for special damages and to rescind his purchase of two lots near Lake Travis in Austin. He alleged that NRC committed fraud in failing to advise him of the existence of a flooding easement, and failed to disclose that his lots were below the 715 foot mean sea level and not suitable for a home site. The jury found that NRC committed an act of fraud and the court entered judgment for Pickhardt in the sum of $68,665.78. NRC contends that because the flooding easement was recorded in the deed records, Pickhardt's cause of action was totally barred by the statute of limitations when he did not file his suit within four years of his purchase. We disagree and affirm the judgment.

On October 15, 1970, Pickhardt signed contracts for deed with NRC by which he was to purchase two lots in the Lago Vista Development, a subdivision NRC was developing on Lake Travis. Pickhardt's equity in Lago Vista was later to be transferred to two lots in neighboring Highland Lake Estates, an NRC development soon to be opened. At the time of the purchase, Pickhardt lived in Japan, so all correspondence with the company was by mail. He received warranty deeds for the lots on February 20, 1978. The chain of title reveals an easement in favor of the Lower Colorado River Authority covering a 369.69 acre tract out of which the 45.86 acre tract later forming the Highland Lake subdivision was carved, which authorized the flooding of the land when necessary up to the 715 foot mean sea level contour line. The title to the land was deeded from the River Authority to Wheeles; from Wheeles to Emerald Bend; from Emerald Bend to NRC; and from NRC to Pickhardt. None of the brochures or any other information furnished by NRC or reasonably available to Pickhardt indicated that his lots were below the 715 foot line, and it is conceded that such fact could only have been determined by a topographical survey. In fact, in connection with Pickhardt's first contract for the lots in Lago Vista, a report was given referring to the River Authority easement and representing that the lowest elevation of the land was 718 feet, which was above the flooding level. There was no mention of any difference when the lots were transferred from Lago Vista to Highland Lake Estates. The sales brochures contained several statements indicating that the lots were suitable for residential purposes. Pickhardt did not receive actual notice that his lots were below the 715 foot

line until 1980, when a friend and employee of NRC told him about it.

■ A purchaser of land has constructive notice of all information contained in his grantor's chain of title, and he is bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in that chain. *Westland Oil Development Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903 (Tex.1982); *Sutton v. Grogan Supply Company Lumber Division,* 477 S.W.2d 930 (Tex.Civ.App.—Texarkana 1972, no writ); *Latimer v. Hess,* 183 S.W.2d 996 (Tex.Civ.App.—Texarkana 1944, writ ref'd). Thus, Pickhardt's cause of action for failure to disclose the existence of the River Authority easement, as affecting his marketable title, was barred as a matter of law because he was charged with actual notice of it. That was not true, however, with respect to a cause of action for failure to disclose that the lots were below 715 feet and unsuitable for residential building. Aside from matters affecting the title, a seller has a duty to disclose material facts affecting the suitability of the property for its intended use which would not be discoverable by the exercise of ordinary diligence on the part of the purchaser. *Smith v. National Resort Communities, Inc.,* 585 S.W.2d 655 (Tex.1979). When there is such a failure to disclose, the statute of limitations begins to run when the fraud is discovered or should have been discovered by the exercise of reasonable diligence. *Mooney v. Harlin,* 622 S.W.2d 83 (Tex. 1981); *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319 (1941); *Glenn v. Steele,* 141 Tex. 565, 61 S.W.2d 810 (1933). As to that phase of Pickhardt's suit, then, the claim that the statute of limitations had run was an affirmative defense, the validity of which depended on Pickhardt's diligence in discovering the fraud. According to the evidence contained in the record, reasonable diligence was a fact issue, and since NRC failed to obtain a jury finding that the fraud should have been discovered more than four years before the suit was filed, it failed to establish its defense of limitations in that regard.

■ NRC complains there is no evidence that any of its agents or representatives misrepresented or failed to disclose any material fact to Pickhardt. The contention is based mainly on the fact that Joe Wagner, Pickhardt's friend who persuaded him to purchase his lots, was not an employee of NRC at the time. However, we find sufficient evidence in the record to support a finding that NRC, through its sales brochures and other information furnished to Pickhardt, failed to disclose that his lots were below the 715 foot line and were unsuitable for residence purposes.

■ NRC also contends that it was error to allow Pickhardt to recover his attorney's fees. We disagree. Pickhardt's suit for rescission and special damages was a suit founded upon a written contract within the meaning of Article 2226, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1982–1983), and justified the award of attorney's fees. See *Ellis v. Waldrop,* 627 S.W.2d 791 (Tex.App. —Fort Worth 1982, writ ref'd n.r.e.).

Pickhardt concedes error in his failure to produce evidence supporting the court's award of $2,860.03 for taxes, maintenance and interest thereon. The judgment will therefore be reformed to delete the recovery of those items.

As reformed, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

■ NRC argues in its motion for rehearing that Pickhardt did not allege or prove a cause of action for failure to disclose the fact that the lots were below the 715 foot line and unsuitable for building purposes. The record shows the contrary. In his first amended petition Pickhardt alleged that NRC failed to disclose that the lots were below the 715 foot line, *and* that they were subject to a flooding easement held by the Colorado River Authority. He testified that he sought rescission of the sale because "the lots were under water at various times and they were worthless to build upon and were not even being used

for that purpose by any people that had bought lots in that area."

The motion for rehearing is overruled.