AMERICAN APPAREL PRODUCTS, INC. D/B/A Guardwear Supply and Equipment Company, Appellant,

v.

BRABS, INC., Appellee.

No. B14–92–01265–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 1994.

George W. Dana, Houston, for appellant.

Donald D. DeGrasse, David H. Baker, Houston, for appellee.

Before SEARS, MURPHY and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from an adverse judgment entered after a jury trial in American Apparel Products, Inc.'s suit seeking specific performance of a contract for the sale of Brabs, Inc., and for a temporary injunction, damages for breach of contract, and attorney fees. Appellant brings seven points of error. We affirm.

Appellant and appellee executed documents on July 31, 1991 evidencing the parties' agreement regarding the purchase of appellee's assets by appellant. These documents included a letter agreement dated July 26, 1991 and an Earnest Money Contract. This letter agreement contained provisions giving each party the right to unilaterally rescind the contract within 15 working days of the date of execution of the July contract. On August 21, 1991, appellant exercised its right of rescission under the July agreement. After further negotiations, the parties entered into another agreement on August 26, 1991, which reinstated many of the provisions of the former agreement and provided for a closing date of September 4, 1991. No closing occurred. Alleging that appellee refused to close, appellant filed suit seeking specific performance, damages for the delay, and attorney fees. Trial was to a jury and the trial court entered judgment denying all relief requested by appellant and awarding appellee $18,600.00 in attorney fees.

In point of error one, appellant claims the trial court erred in failing to make requested findings of fact and conclusions of law. Appellant contends the only jury question bearing on the issue of specific performance was an advisory question inquiring into the uniqueness of Brab's business. Rule 296 authorizes any party to request findings of fact and conclusions of law in cases tried without a jury. Tex.R.Civ.P. 296. Although the instant case was tried to a jury, appellant argues that it cannot adequately challenge the denial of specific performance without such findings and conclusions because it does not know on what basis the trial court denied it.

In support of this argument, appellant cites *Quarles v. Traders and Gen. Ins. Co.*, 340 S.W.2d 545 (Tex.Civ.App.—Houston 1960, writ dism'd). *Quarles* was a summary judgment case and any statements within that case about the filing of findings of fact and conclusions of law in jury or bench trials is dicta. *Rothwell v. Rothwell*, 775 S.W.2d 888 (Tex.App.—El Paso 1989, no writ) involved an appeal from a divorce decree's division of a home and military retirement. The case was tried to a jury, which found that a just and right division of the home would be forty percent to the husband and sixty percent to the wife. *Id.* at 889. The jury also found that the husband should receive thirty percent of the monthly retirement and the wife should receive seventy percent. *Id.* In the final judgment, the court awarded the husband twenty percent of the home and awarded each party fifty percent of the military retirement. *Id.* The appellant requested findings of fact and conclusions of law which the court never filed. *Id.* The appellate court abated the appeal and directed the trial court to file these findings and conclusions. *Id.* at 890. Although the case was tried to a jury, the court

offered the following reasoning for requiring findings and conclusions:

> In our case, the judgment departs from the verdict, and the net effect is that the judgment results from findings made by the trial court independent of the jury's verdict and is as to the two items in dispute, a court-tried case. In such a case, we believe an appealing party has a right to have the trial court file findings of fact and conclusions of law in order to urge error on appeal.

*Id.*

In *Rothwell,* the trial court did not enter a judgment denying an entire award given by the jury; instead, the court changed the percentages so that the award to appellant of retirement pay met the fifty percent required by the Federal Uniform Services Former Spouses' Protection Act. *Id.* at 889. Unlike a divorce case, our case involved related issues such that a negative answer to one could impact liability for other causes of action. In response to question one, the jury found that appellee rescinded the contract pursuant to the terms of the contract. Under the terms of the contract, the contract became void once a party rescinded. Thus, an affirmative finding in response to jury question one foreclosed appellant's right to specific performance despite the jury's finding that the appellant's assets were special and unique. Thus, we find the trial court committed no error in refusing to file findings of fact and conclusions of law in this case. We overrule point of error one.

In point of error three, appellant claims no evidence supported the jury's finding that appellee unilaterally rescinded the contract. In point of error four, appellant contends the trial court erred in submitting jury question one regarding whether Brab's had rescinded the contract. Question one inquired whether appellee unilaterally rescinded the written contract pursuant to the terms of the contract and within the period for rescission provided by the contract.

The record shows that, although appellant rescinded the July 31, 1991 letter agreement, the August 26, 1991 letter agreement reinstated and amended the Earnest Money Contract dated July 31, 1991. The July 31, 1991 Earnest Money Contract was subject to the July 26, 1991 letter agreement in that, if any provisions conflicted, the letter agreement was controlling. The portions of the letter agreement that were amended concerned the provisions for payment of the down payment and note, the date of closing, and the provisions regarding payment for inventory. Provisions not amended or specifically deleted included those giving both buyer and seller the right to rescind the agreement during a period of 15 working days from the date of the agreement. Appellee rescinded the agreement by written letter on September 6, 1991, within 15 working days of the August 26, 1991 agreement. We hold this is sufficient evidence to support the submission of the question and to support the jury's affirmative finding. Therefore, we overrule points of error three and four.

In point of error two, appellant challenges the trial court's denial of specific performance and its refusal to award appellant attorney fees. In response to question two, the jury found that the assets of appellee "have special, peculiar or unique value or character," a prerequisite to imposing specific performance.

Specific performance is an equitable remedy that rests in the sound discretion of the trial court. *Tate v. Wiggins,* 583 S.W.2d 640, 644 (Tex.Civ.App.—Waco 1979, no writ). Generally, contracts concerning personal property will not be specifically enforced unless a remedy at law is inadequate. *Nash v. Conatser,* 410 S.W.2d 512, 520 (Tex.Civ.App.—Dallas 1966, no writ). Specific performance of a contract involving personal property may be granted where the property has a special, peculiar, or unique value or character and the plaintiff would not be adequately compensated for his loss by money damages. *Madariaga v. Morris,* 639 S.W.2d 709, 711 (Tex.App.—Tyler 1982, writ ref'd n.r.e.). One who seeks specific performance of a contract must show compliance with all terms of the contract in that he has performed, or tendered performance, of all contractual obligations. *Riley v. Powell,* 665 S.W.2d 578, 581 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

As previously noted, we have upheld the jury finding that appellee unilaterally rescinded the contract as provided under the terms of the contract. Rescission is an "undoing" of a contract. *Ferguson v. DRG/Colony North, Ltd.,* 764 S.W.2d 874, 887 (Tex.App.—Austin 1989, writ denied). Its effect is to return the parties to their respective conditions as if no contract had ever existed. *Lowrey v. University of Texas Med. Branch at Galveston,* 837 S.W.2d 171, 174 (Tex.App.—El Paso 1992, writ denied). Because we have upheld the jury's finding of rescission, appellant is not entitled to specific performance or attorney fees. We find no error by the trial court in refusing to grant specific performance or to award attorney fees to appellant. We overrule point of error two.

In point of error five, appellant complains that the trial court erred in allowing appellee to make a trial amendment on the fourth day of trial regarding recovery of attorney fees. Rule 66 enables a trial court to allow amendments to pleadings during trial when it subserves the merits of the action and the objecting party fails to show that the allowance of such amendment would prejudice him in maintaining his action or defense. TEX.R.CIV.P. 66. The granting of leave to file a trial amendment is discretionary and will not be disturbed on appeal absent a clear showing of abuse of discretion. *Ohio Med. Prods., Inc. v. Suber,* 758 S.W.2d 870, 872 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

In support of its argument, appellant cites *Ohio Med. Prods., Inc. v. Suber,* 758 S.W.2d 870, 872 (Tex.App.—Houston [14th Dist.] 1988, writ denied) because a panel of this court upheld a trial court's denial of a trial amendment where the matter to be pleaded was known by the party seeking to amend and was not based on any newly discovered facts. Certainly, appellee should have known prior to trial that it intended to seek attorney fees, but that does not mean the trial court abused its discretion in allowing the trial amendment. Appellant has not shown that the trial court's ruling was a clear abuse of discretion. Consequently, point of error five is overruled.

In point of error six, appellant claims the trial court erred in allowing appellee to recover attorney fees because there is no theory under the law or the contract to support such recovery. The Earnest Money Contract provided for the recovery of attorney fees by the prevailing party in any legal proceeding between the signatories to the contract. By statute, attorney fees are recoverable if the claim is "for . . . an oral or written contract." TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986). When, however, a contract is rescinded, "it is annulled and abrogated and the rights of the parties under it are extinguished." *Ferguson v. DRG/Colony North, Ltd.,* 764 S.W.2d 874, 887 (Tex. App.—Austin 1989, writ denied). Thus, a suit involving rescission cannot be one "for" the contract because a contract no longer exists. *Id.*

Appellee attempts to justify the trial court's award by contending that the trial court's judgment was a declaratory judgment and attorney fees are proper under TEX.CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). No party, however, invoked the Declaratory Judgments Act in their pleadings, and thus, the trial court's judgment is not a declaratory judgment and appellee may not now attempt to invoke the Declaratory Judgment Act as support for the award of attorney fees.

Appellee further argues that § 38.001 provides for the recovery of attorney fees in a suit for rescission under *NRC, Inc. v. Pickhardt,* 667 S.W.2d 292 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.). This position has been urged unsuccessfully in the past. *See Ferguson,* 764 S.W.2d at 887. In *Pickhardt,* the purchaser sued the vendor for damages or rescission. 667 S.W.2d at 293. The trial court entered judgment on the verdict for damages. *Id.* The appellate court upheld the award of attorney fees under § 38.001, *id.* at 294, but the recovery of damages indicated that the contract was upheld. In our case, the court entered judgment on the verdict that the contract had been rescinded. Thus, we do not find *Pickhardt* applicable.

We agree with appellant that the trial court's award of attorney fees to appellee has

no support in law or under the contract. We sustain point of error six.

In point of error seven, appellant contends the trial court erred in granting rescission of the contract without any evidence that appellee returned or offered to return appellant's earnest money. In its judgment, the trial court ordered the return of appellant's earnest money offset by the amount of attorney fees awarded to appellee. Because we have found the trial court erred in awarding attorney fees to appellee, we hold the trial court erred in allowing an offset from the earnest money for the payment of these fees. We sustain point of error seven.

We modify the trial court's judgment to delete the award of attorney fees to appellee. As so modified, we affirm the judgment.

SEARS, Justice, concurring and dissenting.

I concur in the Majority opinion except as to attorney fees. Because I would hold that appellee is entitled to recover attorney fees, I respectfully dissent.

The Majority holds that this suit does not involve a claim on a contract. I disagree. Appellee did not institute this lawsuit, but was forced to *defend* against appellants' claims for damages or specific performance. The basis of these claims was contractual, and therefore, this suit should fall within the parameters of Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986).

The Majority reasons that attorney fees are not recoverable because, once rescinded, the Earnest Money Contract no longer existed and could not support a claim for attorney fees under the contract or by statute. In support of this holding, the Majority cites *Ferguson v. DRG/Colony North, Ltd.*, 764 S.W.2d 874, 887 (Tex.App.—Austin 1989, writ denied). In *Ferguson*, the purchaser of an apartment complex sued the vendors to rescind the contract. *Id.* at 877. The plaintiff prevailed and the trial court entered judgment for rescission. *Id.* The trial court also awarded the purchaser/plaintiff attorney fees. *See id.* at 887. The defendant/vendors appealed and challenged the award of attorney fees. *Id.* The appellate court reasoned that rescission annulled the contract and extinguished the parties' rights under it. *Id.* Thus, the appellate court held that the *plaintiff* could not recover attorney fees in his suit to rescind the contract. This is inapposite to the appeal before this court.

In the instant case, the party seeking to recover attorney fees is not the plaintiff, but the *defendant,* who prevailed on its *defense* of a suit on the contract. Also, a suit for rescission is "a suit founded upon a written contract within the meaning of Article 2226, Tex.Rev.Civ.Stat.Ann., and justifies the award of attorney fees." *NRC Inc. v. Pickhardt,* 667 S.W.2d 292 (Tex.App.—Texarkana 1984, writ ref. n.r.e.). *See also Ellis v. Waldrop,* 627 S.W.2d 791 (Tex.App.—Ft. Worth 1982, writ ref. n.r.e.).

Further, the judgment entered by the trial court is a *declaratory judgment.* An award of attorney fees to the prevailing party in a declaratory judgment is proper. *See* Texas Civil Practice & Remedies Code § 37.009. The Code specifically gives the trial court the authority to award reasonable and necessary attorney fees.

The contract between the parties provides in Section 21, "Attorneys Fees", as follows:

Any signatory to this contract who is the prevailing party in any legal proceeding against any other signatory *brought under or with relation to this contract or transaction* shall be additionally entitled to recover court costs and reasonable attorney fees from the non-prevailing party.... (emphasis added).

The parties not only provided for the prevailing signatory to recover attorney fees when the other wrongfully sued "under or with relation to this contract," but, the parties also contractually agreed the prevailing party could recover reasonable attorney fees on a law suit filed as under or with relation to this *"transaction"*.

There is clearly a conflict in the caselaw concurring suits involving contract/rescission/attorney fees. I would resolve the conflict in favor of the prevailing party who was forced to *defend* the lawsuit, and thereby forced to pay reasonable attorney fees in defense of an unreasonable lawsuit.

I would hold that the trial court properly awarded attorney fees to appellee as the prevailing party in a suit on a contract.