ACCEPTED
01-15-00423-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 11:14:29 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00423-CV

IN THE

FIRST JUDICIAL DISTRICT COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 11:14:29 AM
CHRISTOPHER A. PRINE
Clerk

at HOUSTON, TEXAS

IN RE 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES,
Relators

ORIGINAL PROCEEDING FROM THE 133rd JUDICIAL DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

---

### SUPPLEMENTAL RECORD AND ARGUMENT FOR PETITION FOR WRIT OF MANDAMUS

---

*MOSSER LAW PLLC*
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
2805 Dallas Parkway, Suite 220
Plano, Texas 75093
Tel. (972) 733-3223
Fax (469) 626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR RELATORS**

RELATORS REQUEST ORAL ARGUMENT
RELATORS REQUEST TEMPORARY RELIEF

SUPPLEMENT TO PETITION FOR WRIT OF MANDAMUS                    i

# TABLE OF CONTENTS

**TABLE OF CONTENTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **ii**

**INDEX OF AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **iii**

**SUPPLEMENTAL STATEMENT OF FACTS.** . . . . . . . . . . . . . . . . . . . . **1**

**SUPPLEMENTAL ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**PRAYER..** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

**CERTIFICATION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

**CERTIFICATE OF COMPLIANCE.** . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

**CERTIFICATE OF SERVICE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

**SUPPLEMENTAL APPENDIX AND RECORD..** . . . . . . . . . . . . . . . . . . **8**

# INDEX OF AUTHORITIES

**CASES**

*American Apparel Products, Inc. v. Brabs, Inc.* 880 S.W.2d 267, 269 (Tex.App.–Houston [14th Dist.] 1994, no writ). . . . . . . . . . . . . . . . . . . . . . . 2, 3

*B & W Supply, Inc. v. Beckman,* 305 S.W. 3d 10, 16 (Tex.App.–Houston [1st Dist] 2009, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Guzman v. Acuna,* 653 S.W.2d 315, 318-19 (Tex.App.–San Antonio 1983, writ dism'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Henderson v. KRTS, Inc.,* 822 S.W.2d 769, 773 (Tex.App.–Houston [1st Dist.] 1992, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Horton v. Robinson,* 776 S.W.2d 260, 267 (Tex.App.–El Paso 1989, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Humphrey v. Camelot Ret. Cmty.,* 893 S.W.2d 55, 59 (Tex.App–Corpus Christi 1994, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re BDPJ Houston, LLC,* 420 S.W.3d 309 (Tex.App–Houston [14th Dist.] 2013)(original proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Low. v. Henry,* 221 S.W.3d 609, 612 (Tex.2007). . . . . . . . . . . . . . . . . . . . 4

## SUPPLEMENTAL STATEMENT OF FACTS

1.  Three days after filing their Second Motion to Enforce the Court's Order and for Sanctions, The Real Parties in Interest filed their Supplement to Plaintiffs' Fourth Amended Petition. App. at 445-46.

## SUPPLEMENTAL ARGUMENT

### THE REQUESTED DISCOVERY REMAINS IRRELEVANT TO REAL PARTIES' SOLE CLAIM FOR RELIEF

2.  The issue of whether the Real Parties in Interest face "irreparable harm from the lack of the note/security (sic) required by the parties' contract" is not an element of a breach of contract suit, and thus remains irrelevant to this suit.

3.  As stated in the Original Petition for Writ of Mandamus, the only claim for relief before the trial court is a breach of contract claim stemming from the August 5, 2014, settlement agreement. App. at 108.

4.  The essential elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *B &*

*W Supply, Inc. v. Beckman,* 305 S.W. 3d 10, 16 (Tex.App.–Houston [1st Dist] 2009, pet. denied).

5.  To be entitled to specific performance, the plaintiff must show that it does not have an adequate remedy at law for damages, and that damages would be inadequate compensation. *American Apparel Products, Inc. v. Brabs, Inc.* 880 S.W.2d 267, 269 (Tex.App.–Houston [14th Dist.] 1994, no writ)(*citing Nash v. Conatser,* 410 S.W.2d 512, 520 (Tex.Civ.App.–Dallas 1966, no writ))("Generally, contracts concerning personal property will not be specifically enforced unless a remedy at law is inadequate."); *See also Horton v. Robinson,* 776 S.W.2d 260, 267 (Tex.App.–El Paso 1989, no writ).

6.  The Real Parties in interest claim that "Defendants' refusal to execute a promissory note, settlement agreement, and other security agreements would constitute an irreparable harm by exposing Plaintiffs to a credit risk they specifically contracted to avoid." App. at 445. Unfortunately for the Real Parties in Interest, this issue does not speak to whether damages are an adequate remedy at law. *See American Apparel Products, Inc. v. Brabs, Inc.* 880 S.W.2d at 269. In

fact, the supplemental pleading of the Real Parties in Interest states that they only seek specific performance if damages cannot be awarded. App. at 445. This completely undermines the attempt to plead specific performance, since a party that cannot establish a breach of contract for the purposes of monetary damages cannot establish a breach of contract for the purpose of specific performance. *See Guzman v. Acuna,* 653 S.W.2d 315, 318-19 (Tex.App.–San Antonio 1983, writ dism'd)("Greater certainty respecting the terms and conditions of a contract sought to be enforced is required in equity than at law").

7. "Irreparable Harm" is an element of injunctive relief, but no such relief appears to be sought in this case. *See Henderson v. KRTS, Inc.,* 822 S.W.2d 769, 773 (Tex.App.–Houston [1st Dist.] 1992, no writ). In any event, Los Cucos would still have to plead sufficient facts to establish that there is no adequate remedy at law, which it has failed to do. *See id.* Thus, Los Cucos may have attempted to plead specific performance, but has confused its pleading requirements with those of a suit seeking injunctive relief. *See id; see also American Apparel Products, Inc. v. Brabs, Inc.* 880 S.W.2d at 269.

8. Texas follows a "fair notice" standard for pleading, in which courts assess the sufficiency of the pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy. *Low. v. Henry,* 221 S.W.3d 609, 612 (Tex.2007). Because it cannot be readily determined whether the plaintiff seeks specific performance or injunctive relief, the Respondent could not have been in a position to rule on the "types of evidence that might be relevant to the controversy." *See id.* 8650 Frisco, LLC, brought this argument to the Respondent's attention, but to no avail. App. at 436-37.

9. The irrelevance of the documents sought by Los Cucos is underscored by the fact that Los Cucos filed its Second Motion to Enforce the Court's Order "to assess Defendants' compliance with their settlement obligations" when it did not need these documents to enter into the settlement agreement in the first place. *Compare* App. at 114 *with* App. at 95-99, 339-340. Perhaps if the Real Parties in Interest were seeking to rescind the Settlement Agreement based on 8650 Frisco's inability to perform, the financial information would be

relevant to that inability. *See Humphrey v. Camelot Ret. Cmty.,* 893 S.W.2d 55, 59 (Tex.App–Corpus Christi 1994, no writ). The Real Parties in Interest have pleaded something else entirely. They seek damages or the means to compel 8650 Frisco to bind itself to a contract for which a future breach can be remedied with damages. *See* App at 445.

10.  Thus, the proffered reason for the need for discovery, "to assess Defendants' compliance with their settlement obligations" simply does not relate to any of the elements of a breach of contract suit, and thus discovery on this basis is not reasonably calculated to lead to any admissible evidence that tend to prove or disprove any facts of consequence. *Compare* App. at 114 *with* App. at 95-99, 339-340; *In re BDPJ Houston, LLC,* 420 S.W.3d 309 (Tex.App–Houston [14th Dist.] 2013)(original proceeding).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Relators pray that this court find that Respondent abused her discretion in compelling production of the documents requested by the Real Parties in Interest and imposing

sanctions on the Relators, find that there is no adequate remedy by appeal, and issue a writ of mandamus compelling Respondent to vacate her April 1, 2015 order compelling discovery, and her April 27, 2015 order compelling discovery and imposing sanctions.

Respectfully Submitted, MOSSER LAW PLLC


s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
Mosser Law, PLLC
2805 Dallas Parkway Suite 222
Plano, Texas 75093
Telephone 972-733-3223
Facsimile 469-626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR DEFENDANTS 8650 FRISCO, LLC, D/B/A 8650 FRISCO, LLC BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; AND DAVID JEIEL RODRIGUES**

## <u>CERTIFICATION</u>

I certify that I have reviewed the petition and conclude that every factual statement in the petition is supported by competent evidence included in the attached appendix or record and I certify that the documents attached in the appendix are true and correct copies of the originals.

/s/ Paul J. Downey
Paul J. Downey

## CERTIFICATE OF COMPLIANCE

I certify that there are 940 words in this supplemental document which, when taken in conjunction with the 4907 words in the Original Petition for Writ of Mandamus, brings the total to 5847 words between both documents. I relied on the word count function of WordPerfect X6, which was used to prepare this document.

/s/ Paul J. Downey
Paul J. Downey

## CERTIFICATE OF SERVICE

I certify that on May 12, 2015, this document was served on the following parties or counsel of records in accordance with Texas Rule of Appellate Procedure 9.5:

**Respondent**
Honorable Jaclanel McFarland
Judge Presiding
133rd Judicial District Court
Harris County Civil Courthouse
201 Caroline, 11th Floor
Houston, Texas 77002
Tel. 713-368-6200

**Real Parties In Interest**
Los Cucos Mexican Café VIII, Inc.; Los Cucos Mexican Café IV, Inc.; Manuel Cabrera, and Sergio Cabrera,
represented by
Kelly Stephens
Texas Bar No. 19158300
P.O Box 79734
Houston, Texas 77279-9734
Tel. 281-394-3287
Fax 832-476-5460
kstephens@stephensdominitz.com

/s/ Paul J. Downey

Paul J. Downey

**CAUSE NO. 2014-10896**

| | | |
|---|---|---|
| **LOS CUCOS MEXICAN CAFÉ VIII,** | **§** | **IN THE DISTRICT COURT** |
| **INC., LOS CUCOS MEXICAN** | **§** | |
| **CAFÉ IV, INC., MANUEL** | **§** | |
| **CABRERA, and SERGIO** | **§** | |
| **CABRERA** | **§** | |
| **PLAINTIFFS,** | **§** | |
| | **§** | |
| **V.** | **§** | **133rd JUDICIAL DISTRICT** |
| | **§** | |
| **8650 FRISCO LLC, MANDONA** | **§** | |
| **LLC, GALOVELHO LLC,** | **§** | |
| **BAHTCHE LLC, CLAUDIO** | **§** | |
| **NUNES, AND DAVID JEIEL** | **§** | |
| **RODRIGUES** | **§** | |
| **DEFENDANT.** | **§** | **OF HARRIS COUNTY, TEXAS** |

## SUPPLEMENTAL APPENDIX AND RECORD
## TABLE OF CONTENTS

Exhibit AA - Supplement to Plaintiff's Fourth Amended Petition. .   App. 445

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA PLAINTIFFS, | § § § § § § § | IN THE DISTRICT COURT |
| V. | § § | 133rd JUDICIAL DISTRICT |
| 8650 FRISCO LLC, MANDONA LLC, GALOVELHO LLC, BAHTCHE LLC, CLAUDIO NUNES, AND DAVID JEIEL RODRIGUES DEFENDANT. | § § § § § § § | OF HARRIS COUNTY, TEXAS |

## UNSWORN DECLARATION OF PAUL J. DOWNEY

1. My name is Paul J. Downey. I am of sound mind, capable of making this unsworn declaration, and personally acquainted with the facts herein stated.

2. I am a lawyer at Mosser Law, PLLC.

3. I am one of the custodians of the records at Mosser Law, PLLC.

4. Attached hereto are the following 3 pages of records from Mosser Law, PLLC. These records are kept by Mosser Law, PLLC in the regular course of business, and it was in the regular course of business of Mosser Law, PLLC, that an employee or representative of Mosser Law PLLC, with knowledge of the act or event recorded,

made the records.

5.  The records were made at or near the time of the event, or reasonably soon thereafter.

6.  The records attached hereto are exact duplicates of the originals and contain:

a.  Exhibit AA - Supplement to Plaintiff's Fourth Amended Petition;

My name is Paul James Downey, my date of birth is January 19, 1984, and my address is C/O Mosser Law, PLLC, 2805 Dallas Parkway, Suite 222, Plano, Texas 75093, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on the 12th Day of May, 2015.

Paul J. Downey

**Cause No. 2014-10896**

| | |
|---|---|
| Los Cucos Mexican Cafe VIII, Inc.; Los Cucos Mexican Cafe IV, Inc.; Manuel Cabrera; and Sergio Cabrera, Plaintiffs<br><br>v.<br><br>8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues, Defendants | In the District Court of<br><br><br><br>Harris County, Texas<br><br><br><br>133rd Judicial District |

### Supplement to Plaintiffs' Fourth Amended Petition

1.      Plaintiffs file this Supplement to Plaintiffs' Fourth Amended Petition (the "Supplement") to clarify the relief requested in Plaintiffs' Fourth Amended Petition (the "Petition"). The Supplement does not replace the Petition.

2.      Plaintiffs believe that the Petition gives fair notice of Plaintiffs' need and request for specific performance of the Rule 11 settlement agreement. *See Stafford v. S. Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied).

3.      Out of an abundance of caution, Plaintiffs hereby expressly plead that, in the event damages are not awarded in this action, (1) Defendants' refusal to execute a promissory note, settlement agreement, and other security agreements would constitute an irreparable harm by exposing Plaintiffs to a credit risk they specifically contracted to avoid and (2) Plaintiffs respectfully request that the Court order specific performance of Defendants' obligations under the Rule 11 settlement agreement, including, without limitation, the execution of a promissory note, a settlement agreement, and a dismissal of its pending claim for declaratory relief.

Exhibit AA                                                                                                    App. 445

Respectfully submitted,

**Stephens & Domnitz, PLLC**

*/s/ Kelly D. Stephens*

Kelly D. Stephens
State Bar No. 19158300
P.O. Box 79734
2118 Smith Street
Houston, Texas 77279-9734
281-394-3287 (phone)
832-476-5460 (fax)
kstephens@stephensdomnitz.com

**Hawash Meade Gaston**
**Neese & Cicack LLP**

Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
Samuel B. Haren
State Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

**Cox Smith Matthews Incorporated**

David Kinder
State Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210-554-4400 (phone)
210-226-8395 (fax)
dkinder@coxsmith.com

**Attorneys for Plaintiffs**

2

## Certificate of Service

A true and correct copy of the foregoing has been served on all counsel of record via electronic service on February 23, 2015.

James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pky, Suite 290
Dallas, Texas 75248

*/s/ Samuel B. Haren*
Samuel B. Haren

Exhibit AA                                                                                                          App. 447